## Nesbit *v.* Long.

Justice of the Peace.—*Jurisdiction.—Appearance.—Waiver.*—Where a defendant appeared before a justice having jurisdiction of the subject-matter of the action, and agreed upon a day for the trial, and subsequently filed an affidavit before the justice for a change of venue, which was granted to a justice of another township;

*Held,* that he could not plead to the jurisdiction of the justice to whom the cause was sent, over his person, on the ground that he was *not a resident* of the township in which the justice before whom the cause of action was brought exercised jurisdiction.

APPEAL from the Howard Common Pleas.

WORDEN, C. J.—The appellant brought an action of replevin for three head of cattle, against the appellee, before a justice of the peace of Center township, in said county of Howard. On the return day of the summons, the parties appeared, and by agreement the cause was continued until a subsequent day, at which time the parties again appeared, and the defendant filed an affidavit for a change of venue from the justice, on account of his bias and prejudice. The change was granted to a justice of Clay township. Before the day fixed for trial the defendant demanded a jury, and a *venire* issued accordingly. ·

Nesbit *v.* Long.

At the time fixed for trial before the justice to whom the cause was sent, the defendant filed a plea or answer in abatement, alleging that he was a resident of Harrison township, in said county, and not of either Center or Clay; and that he did not detain the property in either Center or Clay township; and that there were justices competent to act in Harrison township. The justice sustained a demurrer to this answer, and on trial there was judgment against the defendant, who appealed to the court of common pleas, in which court the demurrer to the answer in question was overruled, the plaintiff excepting; and there was final judgment on the demurrer for the defendant. The plaintiff appeals to this court.

Under the former rulings of this court, an action of replevin may be brought before a justice of the peace either in the township in which the defendant resides, or that in which the property was wrongfully taken and detained. *Jocelyn* v. *Barrett*, 18 Ind. 128; *Beddinger's Adm'r* v. *Jocelyn*, 18 Ind. 325; *Test* v. *Small*, 21 Ind. 127.

Assuming, but not deciding, that the answer in question would have been good if filed in time (it may have been bad for not averring that the property was not originally taken and detained in Center township), we proceed to inquire whether it was not filed too late. The question sought to be presented was one of jurisdiction over the defendant's person, and not over the subject-matter. The objection that the justice had not jurisdiction over the defendant's person was one which he could waive. *Ludwick* v. *Beckamire*, 15 Ind. 198; *Brady* v. *Richardson*, 18 Ind. 1; *Storm* v. *Worland*, 19 Ind. 203; *Gage* v. *Clark*, 22 Ind. 163. What will amount to a waiver of the objection that the court has no jurisdiction of the person of the defendant? We think an appearance to the action by the defendant, and the taking of any step by him in the defence thereof, is such waiver, because he thereby submits himself to the jurisdiction of the court.

In *Collins* v. *Nichols*, 7 Ind. 447, it was held that a party

must avail himself of matter in abatement at the earliest opportunity. In *Cox* v. *Pruitt,* 25 Ind. 90, a question arose as to the jurisdiction of the Hendricks Circuit Court over the person of the defendant, the cause having come into that court on change of venue claimed to be unauthorized. The court say: "The latter court had jurisdiction of the subject-matter, and the appearance and agreement of the defendant to set the cause for trial in vacation gave that court jurisdiction of the person of the defendant, and he cannot complain." In *Smith* v. *Jeffries,* 25 Ind. 376, it was held that an appearance by the defendant and submitting to a rule to answer, was a submission to the jurisdiction of the court. In the still later case of *Street* v. *Chapman,* 29 Ind. 142, a question arose as to the jurisdiction of the Noble Circuit Court over the person of the defendant, the cause having come irregularly into that court, as was claimed, on change of venue. The defendant had appeared and moved to publish depositions. He afterward moved to dismiss the cause and return the papers to the county from which they came. The court say: "This motion came too late. The court had jurisdiction of the subject-matter of the suit, and the appearance of the defendant in that court, and his motion to publish depositions, gave the court jurisdiction of his person. The court assumed jurisdiction of the cause in acting upon that motion."

The principle of these cases is entirely applicable to the one before us.

Here the defendant not only appeared, and by agreement fixed a time for the trial of the cause, but he afterward asked and obtained a change of venue to another justice. This was asking and obtaining an exercise of jurisdiction by the justice before whom the action was commenced.

Without jurisdiction over the defendant's person he could not order a change of venue. His order changing the venue and directing before what justice the cause should be tried, was an exercise of jurisdiction over the cause and the parties; and this was done on the affidavit and motion of the

defendant. The defendant thus fully submitted himself to the jurisdiction of the justice before whom the action was commenced; and it follows that the justice to whom the cause was sent could exercise jurisdiction.

Having thus submitted to the jurisdiction of the justice, he could not afterward controvert it.

The facts all appeared by the record sent up to the court of common pleas, and the demurrer to the answer should have been sustained.

The judgment below is reversed, with costs, and the cause remanded, with instructions to proceed to dispose of the cause on its merits.

*C. N. Pollard*, for appellant.