MARY W. PHILLIPS AND GEORGE PHILLIPS *v.* GREAT LAKES HEALTH CONGRESS, AMERICAN SIGHTSEEING TOURS, CHICAGO SIGHTSEEING COMPANY, INC., AND AMERICAN SIGHTSEEING ASSOCIATION, INC.

[No. 3-376A74. Filed September 17, 1976.]

*Edward L. Murphy, Jr., Livingston, Dildine, Haynie & Yoder,* of counsel, of Fort Wayne, for appellants.

*John F. Lyons, J. Michael O'Hara,* of Fort Wayne, for appellees.

HOFFMAN, J.—This is an appeal from the following judgment:

"BE IT REMEMBERED that heretofore to-wit: On the 11th day of December, 1975, The Court having heretofore sustained the motion to dismiss of the Defendant, Great Lakes Health Congress and of the Defendants, American Sightseeing Tours, Chicago Sightseeing Company, Inc. and American Sightseeing Association, Inc., judgment is now rendered in favor of said Defendants and against the Plaintiffs, and the Plaintiffs shall pay the costs made and taxed in the amount of $————."

Appellants present argument in their brief asserting error in the judgment only as to American Sightseeing Tours and Chicago Sightseeing Company, Inc. (hereafter referred to as appellees).

The following filings are pertinent to this appeal:

| | |
|---|---|
| April 7, 1975 | Complaint for personal injuries filed. |
| April 23, 1975 | Appellees filed written appearances by their attorney; answer; and motion for change of venue. |
| May 29, 1975 | Stipulation of agreed venue filed. Case venued to the DeKalb Circuit Court. |
| July 29, 1975 | Motion to dismiss filed alleging no jurisdiction over the person and insufficiency of process. |
| December 2, 1975 | Motion sustained. |
| December 11, 1975 | Judgment rendered in favor of appellees. |

The question raised by appellants is: Did appellees waive the defenses of lack of personal jurisdiction and insufficiency of service of process?

Ind. Rules of Procedure, Trial Rule 12(B), in pertinent part, states:

"How presented. Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counter-claim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required; except that at the option of the pleader, the following defenses may be made by motion:

(1) * * *,

(2) Lack of jurisdiction over the person,

(3) * * *,

(4) * * *,

(5) Insufficiency of service of process,

(6) * * *,

(7) * * *,

(8) * * *. A motion making any of these defenses shall be made before pleading if a further pleading is permitted or within twenty [20] days after service of the prior pleading if none is required. * * *."

Ind. Rules of Procedure, Trial Rule 12(H)(1) states:

"A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, insufficiency of service of process, or the same action pending in another state

court of this state is waived to the extent constitutionally permissible

    (a) if omitted from a motion in the circumstances described in subdivision (G),

    (b) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(A) to be made as a matter of course."

This language is clear and unambiguous. The defenses of lack of personal jurisdiction and/or insufficiency of service of process must be raised by motion *prior to the filing* of a responsive pleading or in the responsive pleading. If any motion under Ind. Rules of Procedure, Trial Rule 12, is made prior to filing a responsive pleading those defenses must be raised in that motion or they are waived. If no Trial Rule 12, *supra,* motion is filed then it must be raised in the responsive pleading or it is waived. These defenses cannot be raised after a responsive pleading by filing a motion for judgment on the pleadings under Trial Rule 12 (C), *supra.* Furthermore, where the party in question has formally appeared and elected to answer the complaint, there is no constitutional bar to the court's jurisdiction over the person.

Appellees having failed to raise the defenses of lack of jurisdiction over the person and insufficiency of service of process by motion prior to filing the responsive pleading or in the responsive pleading have waived the same.

The DeKalb Circuit Court acquired and retains *in personam* jurisdiction when the appellees filed this answer without raising the defenses and such is a voluntary submission to the jurisdiction of such court. *State of Fla. ex rel. O'Malley* v. *Department of Ins.* (1973), 155 Ind. App. 168, 291 N.E.2d 907.

Judgment reversed as to American Sightseeing Tours and Chicago Sightseeing Company, Inc., and cause remanded for further proceedings not inconsistent with this opinion.

Staton, P.J. and Garrard, J., concur.

NOTE.—Reported at 354 N.E.2d 307.