KILLEARN PROPERTIES, INC., KILLEARN REALTY, INC., KILLEARN SUBURBAN REALTY, INC., J. T. WILLIAMS, JR., NOEL F. SHUMANN, HENRY R. GLICK, LARRY J. GOWAN, JAMES M. CLEMENTS, AND MALLORY E. HORNE v. FREEMAN LAMBRIGHT AND BETTY J. LAMBRIGHT

[No. 3-1276A285. Filed June 22, 1978.]

*Paul C. Raver, Sr., James A. Federoff,* of Fort Wayne, for appellants.

*Howard E. Petersen, Richard K. Muntz, Petersen & Muntz,* of LaGrange, for appellee.

STATON, J. — Freeman and Betty Lambright filed a complaint naming as defendants various individuals and corporations, including the appellants (hereinafter collectively referred to as "Killearn"). The complaint alleged that Killearn had participated in a conspiracy to sell the Lambrights real estate in violation of certain state and federal laws.

Killearn filed a motion to dismiss, contending that the trial court lacked personal jurisdiction. Additionally, Killearn argued that Florida was a more convenient forum and requested the trial court to transfer the cause to that state. Pursuant to Ind. Rules of Procedure, Appellate Rule 4(B)(5), Killearn appeals from a denial of the motion and the request to transfer.

We find no error, and we affirm.

## I.

### Personal Jurisdiction

The Lambrights filed their complaint in the LaGrange Circuit Court. Killearn subsequently filed a request for a change of venue pursuant to TR. 76. That motion was granted and the cause was transferred to the Noble Circuit Court. After the transfer, Killearn filed with the Noble Circuit Court a motion to dismiss. The motion to dismiss alleged a lack of personal jurisdiction. The trial court denied the motion.

A party not otherwise subject to the personal jurisdiction of a court may nonetheless voluntarily submit himself to that court's jurisdiction.

When a party either seeks affirmative relief from a court or fails to object in a timely manner to the jurisdiction of a court, he has voluntarily submitted his person to that court. *State of Florida ex rel. O'Malley v. Department of Insurance* (1973), 155 Ind.App. 168, 291 N.E.2d 907. Having done so, that party will not be allowed thereafter to challenge the court's personal jurisdiction. *Harbaugh v. Albertson* (1885), 102 Ind. 69, 1 N.E. 298. Where the party has requested affirmative relief, the preclusion from challenging personal jurisdiction is predicated on the theory of estoppel. *Robertson v. Smith* (1891), 129 Ind. 422, 28 N.E. 857. Where the party has failed to object in a timely manner, the preclusion is predicated on the theory of waiver. *Phillips v. Great Lakes Health Congress* (1976), 170 Ind.App. 674, 354 N.E.2d 307.

Has a party who has requested a change of venue submitted himself to the court's jurisdiction?

Our Supreme Court addressed that very question in *Nesbit v. Long* (1871), 37 Ind. 300. There, a defendant who had asked for and had been granted a change of venue subsequently contended that the court lacked personal jurisdiction. The court discussed the effect of the request for a change of venue:

"This was asking and obtaining an exercise of jurisdiction by the justice before whom the action was commenced.

"Without jurisdiction over the defendant's person he could not order a change of venue. His order changing the venue and directing before what justice the cause should be tried, was an exercise of jurisdiction over the cause and the parties; and this was done on the affidavit and motion of the defendant. The defendant thus fully submitted himself to the jurisdiction of the justice before whom the action was commenced; and it follows that the justice to whom the cause was sent could exercise jurisdiction.

"Having thus submitted to the jurisdiction of the justice, he could not afterward controvert it."

We are cognizant of the fact that in *Nesbit*, the defendant requested a change of venue from the justice, whereas in the case before us Killearn requested a change of venue from the county. However, this distinction does not change the nature of relief sought. Killearn sought affirmative relief from the court, and in doing so, voluntarily submitted

themselves to the jurisdiction of the court. They are now estopped from challenging the court's personal jurisdiction.

## II.

## Forum Non Conveniens

Killearn's second contention is that Florida is a more convenient forum, and inasmuch as a trial court possesses the power, pursuant to TR. 4.4(C), to order the cause to be litigated in a more convenient forum, the trial court erred in refusing to order the cause to be litigated there.

TR. 4.4(C) provides:

"More convenient forum. Jurisdiction under this rule is subject to the power of the court to order the litigation to be held elsewhere under such reasonable conditions as the court in its discretion may determine to be just.

"In the exercise of that discretion the court may appropriately consider such factors as:

"(1)   Amenability to personal jurisdiction in this state and in any alternative forum of the parties to the action;

"(2)   Convenience to the parties and witnesses of the trial in this state in any alternative forum;

"(3)   Differences in conflict of law rules applicable in this state and in the alternative forum; or

"(4)   Any other factors having substantial bearing upon the selection of a convenient, reasonable and fair place of trial."

The purpose of this rule is to permit a cause to be litigated in another state upon a showing that litigation of the cause in Indiana is so inconvenient that substantial injustice is likely to result. 1 Harvey, *Indiana Practice*, Author's Comments 4.4(C) p. 313. Furthermore, the rule is directed to the trial court's discretion. Accordingly, appellate review is limited to the question of whether the trial court abused that discretion. *Cissna v. State* (1976), 170 Ind.App. 437, 352 N.E.2d 793. An abuse of discretion occurs only when the trial court arrives at a conclusion that is clearly against logic and the natural inferences to be drawn therefrom. *Merry v. State* (1975), 166 Ind.App. 199, 335 N.E.2d 249.

Killearn argues that Florida is a more convenient forum because: (1) the subject-matter of the sale was land located in Florida; (2) the contract for the sale was executed in Florida; (3) all of the appellants are residents of, or corporations with their principal place of business located in, Florida; and (4) a majority of the prospective witnesses reside in Florida.

These factors do not indicate an abuse of discretion by the trial court. The Lambrights, many of the defendants who are not parties to this appeal, and a number of prospective witnesses reside in Indiana. When many parties to a lawsuit are from different states, some of the parties will be inconvenienced by the choice of the forum. All Killearn has shown is that some of the defendants would be inconvenienced if the matter was litigated in Indiana. Killearn has not shown that the inconvenience would be such as to work a "substantial injustice."

The order of the trial court is affirmed.

Garrard, P.J., and Lowdermilk, J., (By designation), Concur.

NOTE—Reported at 377 N.E.2d 417.