STATE of Indiana, Defendant-Appellant,

v.

OMEGA PAINTING, INC.,
Plaintiff-Appellee,

American Druggist Insurance Co.,
Intervening Plaintiff Below.

No. 1–383A82.

Court of Appeals of Indiana,
First District.

May 9, 1984.

Linley E. Pearson, Atty. Gen., Thomas R. Hamill, Robert S. Spear, Deputy Attys. Gen., Indianapolis, for defendant-appellant.

Charles C. Griffith, Brian K. Carroll, Johnson, Carroll & Griffith, P.C., Evansville, for plaintiff-appellee.

RATLIFF, Judge.

## STATEMENT OF THE CASE

Appellant State of Indiana (State) appeals from a jury verdict and judgment

entered thereon in a contract action in the Posey Circuit Court. We reverse.

## FACTS

Omega Painting, Incorporated (Omega) entered into a contract with the State for the sandblasting and painting of several bridge spans in southern Indiana. The contract called for Omega to blast to a number six (# 6) commercial finish, and then to seal and paint the spans within a period of forty (40) working days. Difficulties arose when State Supervisor Moore was replaced with Supervisor Markwell. Omega's president, Stelios Sakoutis, complained repeatedly that Markwell was requiring the contractor to blast to a standard finish higher than the # 6 commercial blast. As a consequence of this continuing dispute, the work lasted almost five (5) months, and resulted in a much greater expenditure of time and materials on the part of Omega. At the conclusion of the job, Omega brought suit for the additional costs incurred in completing the project. The jury returned a favorable verdict and the court entered judgment thereon. It is from that judgment that the State now appeals.

## ISSUES

State presents a plethora of issues on appeal. However, because we reverse the judgment herein, we proceed to address only two of appellant's issues.[1] Rephrased, they are as follows:

1. Did the trial court err in failing to dismiss the cause of action for lack of personal jurisdiction?

2. Did the trial court err in refusing to grant State's motion for judgment on the evidence at the conclusion of all the evidence?

## DISCUSSION AND DECISION

*Issue One*

The trial court did not err in failing to dismiss the instant action for lack of personal jurisdiction.

1. Because we reverse the trial court's judgment, we also decline to review appellee's issues on

Indiana Rules of Procedure, Trial Rule 4.6(A)(3) governs the service of process upon a governmental entity. That section states that "[s]ervice upon an organization *may* be made as follows: In the case of a state governmental organization upon the executive officer thereof *and also* upon the Attorney General." *Alcoholic Beverage Commission v. State ex rel. Cohen*, (1971) 257 Ind. 112, 114, 272 N.E.2d 611, 612 (emphasis supplied). It is clear that the requirements of Trial Rule 4.6(A)(3) are mandatory in nature. The supreme court noted in *Cohen* that use of the permissive "may" "is in no way a qualification upon the requirements set out in paragraph (3) of that Rule ...." *Id.* at 114–15, 272 N.E.2d at 613. Therefore, in order to effect proper service in the instant case, service should have been made upon both the Indiana State Highway Commission as the agency involved and the attorney general as counsel for the state. It is undisputed that the agency was not served with a copy of the complaint and summons by Omega. This should result in a failure of process and constitute proper grounds for dismissal upon the State's motion. However, it is also true that a party not otherwise subject to the personal jurisdiction of the court may, nevertheless, submit himself to the court's jurisdiction. *Killearn Properties, Inc. v. Lambright*, (1978) 176 Ind.App. 684, 685, 377 N.E.2d 417, 418. This may occur when such a party either fails to timely object to the court's jurisdiction or seeks affirmative relief from the court. *Id.* at 686, 377 N.E.2d 418. Such submission will preclude any further contention that the court lacked *in personam* jurisdiction.

The State correctly notes that in order to preserve the question of personal jurisdiction, the issue must be timely raised either by a motion pursuant to Trial Rule 12(B)(2) or in the answer. *See* Indiana

their cross-appeal.

Rules of Procedure, Trial Rule 12.[2] Failure to so preserve the question will result in its waiver on appeal. In the instant case, the State first asserted the jurisdictional question in its answer to Omega's complaint. Because the State did not raise any defenses by motion pursuant to Trial Rule 12(B) prior to filing its answer, the State's assertion of the jurisdictional defense in its answer was timely. *Accord Phillips v. Great Lakes Health Congress,* (1976) 170 Ind.App. 674, 676, 354 N.E.2d 307, 309 (if any motion under Trial Rule 12 is made prior to filing of the responsive pleading, such defenses must be raised in that motion or they are waived); *Burger Man, Inc. v. Jordan Paper Products, Inc.,* (1976) 170 Ind.App. 295, 318–19, 352 N.E.2d 821, 835, *trans. denied* (1977) (defendant's failure to file a 12(B)(2) motion with their 12(B)(6) motion resulted in waiver of any issue relating to trial court's lack of personal jurisdiction pursuant to Trial Rule 12(G) and (H)).[3] This was sufficient to properly preserve the question.

▮ Notwithstanding the State's timely assertion of the defense in its answer, however, Omega contends that the State nonetheless submitted to the personal jurisdiction of the court by appearing in the action.

We cannot agree. This court has previously noted that the mere entry of an appearance does not act as a waiver of the defense of lack of personal jurisdiction where such defense is timely raised in the answer or by 12(B)(2) motion. *See In re Marriage of Rinderknecht,* (1977) 174 Ind.App. 382, 394, 367 N.E.2d 1128, 1136 n. 11. *Accord* 1 W. Harvey, *Indiana Practice* § 12.7 (1969). Because the State timely raised the jurisdictional question in its answer, we cannot say that the State submitted to the personal jurisdiction of the court merely by appearing in the action.

▮ Omega further contends that by requesting an extension of time in which to file an answer, the State sought affirmative relief of the court and is, thereby, estopped to deny the court's personal jurisdiction. In *Simms v. Mason's Stores, Inc.,* (1974) 285 N.C. 145, 203 S.E.2d 769, the North Carolina Supreme Court, when faced with a similar issue, noted that "under the federal decisions, nothing else appearing, a defendant's motion for an enlargement-of time to plead will not waive lack of jurisdiction over the person if the defense is timely presented thereafter in accordance with Rule 12 requirements." *Id.* at 156, 203 S.E.2d at 777.[4] The Supreme Court of Mis-

**2.** Trial Rule 12(B) states, in part:

"Every defense ... to a claim ... shall be asserted in the responsive pleading thereto ... except that at the option of the pleader, the following defenses may be made by motion:

....

(2) Lack of jurisdiction over the person,

....

A motion making any of these defenses shall be made before pleading .... No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion."

Subsection (H)(1) of Trial Rule 12 states:

"*A defense of lack of jurisdiction over the person* .... *is waived* to the extent constitutionally possible:

(a) *if omitted from a motion in the circumstances described in subdivision (G),*

(b) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(A) to be made as a matter of course. [Emphasis supplied.]"

Subsection (G) states, in pertinent part, that "[i]f a party makes a motion under this rule but

omits therefrom any defense or objection then available to him which this rule permits to be raised by motion, he shall not thereafter make a motion based on the defense or objection so omitted."

**3.** The import of Trial Rule 12 concerning waivable defenses such as lack of personal jurisdiction is clear. If *any* Rule 12 motion is made prior to the filing of a responsive pleading, all waivable defenses must be raised therein, or they are waived and cannot be raised in a subsequent motion *or* in the answer.

**4.** Although in *Simms* the North Carolina Supreme Court ultimately concluded that by a request for an extension of time the defendant sought affirmative relief of the court such as to invoke its personal jurisdiction, this conclusion was based upon a general statute peculiar to North Carolina which is not at issue in a case involving Indiana law. Our rules are closely modeled after the federal rules; hence our reliance upon a seemingly contrary decision which supports our interpretation of the Indiana Rules of Procedure.

souri, sitting *en banc,* reached a similar result in *State ex rel. White v. Marsh,* (1983) Mo., 646 S.W.2d 357, 362. In accord with these authorities, we too conclude that such a motion does not result in an estoppel to subsequently assert the jurisdictional defense.[5] Accordingly, we hold that where the issue of lack of personal jurisdiction is properly preserved, either by 12(B)(2) motion or in the answer, a prior request for an extension of time in which to file an answer should not, in and of itself, act as a waiver of, or estop the defendant from, preserving the issue for review.

Omega also argues that the State's request for a change of venue, which was filed contemporaneously with the State's answer, was a request for affirmative relief such as to estop the State from denying the court's *in personam* jurisdiction. We do not agree. In *Killearn Properties, Inc. v. Lambright,* (1978) 176 Ind.App. 684, 377 N.E.2d 417, Lambrights filed a complaint to which Killearn filed a request for change of venue pursuant to Trial Rule 76. Subsequent to the change of venue, Killearn filed a motion to dismiss

alleging a lack of personal jurisdiction. This court concluded that a request for a change of venue was indeed a request for affirmative relief. *Id.* at 686–87, 377 N.E.2d at 418–19.[6] However, it should be noted that *Killearn,* as well as our supreme court's decision in *Nesbit v. Long,* (1871) 37 Ind. 300, upon which *Killearn* is predicated, involved a change of venue request filed *prior* to the assertion of a lack of personal jurisdiction. In the instant case, the motion for change of venue was filed contemporaneously with the State's answer asserting the lack of personal jurisdiction. This court has previously noted that once the defense of lack of personal jurisdiction is properly preserved, the defendant may proceed with a defense on the merits without waiving the jurisdictional issue. *Rinderknecht,* 174 Ind.App. at 394, 367 N.E.2d at 1136 n. 11. Accordingly, we cannot· say that such a request for a change of venue, filed contemporaneously with or subsequent to the proper preservation of the jurisdictional question, seeks the affirmative relief of the court and, thereby, acts as a waiver of, or an estoppel to assert, the jurisdictional claim.[7]

---

**5.** A contrary conclusion could well invite rash or hasty pleading, or the risky acceptance of a default judgment in the hope that it could later be set aside for lack of personal jurisdiction. This is clearly not the type of practice our rules of procedure envisioned.

**6.** Our supreme court reached a similar conclusion in *Slinkard v. Hunter,* (1936) 209 Ind. 475, 199 N.E. 560:

"It was held in *Princeton Coal, etc., Co. v. Gilchrist* (1912), 51 Ind.App. 216, 220, 99 N.E. 426 that: 'A motion for a change of venue, while not strictly affecting the merits of the action, necessarily recognizes the jurisdiction of the court over the persons who join in the motion, and invokes the aid of the court in that behalf.' It was held that such a motion is an admission of jurisdiction and a full appearance."

*Id.* at 480, 199 N.E. at 563.

**7.** While we recognize that a "timely objection to personal jurisdiction may nevertheless [subsequently] be waived", *Hubbard v. Cazares,* (1981) Fla.App., 413 So.2d 1192, 1193, we do not agree with the *Hubbard* court's conclusion that a motion for change of venue, filed subsequent to the preservation of the jurisdictional issue, "goes beyond matters of defense and seeks affirmative relief" such as to waive the previously asserted

objection. *Id.* Change of venue is a legitimate request in the defense of an action. It is clear that once the lack of personal jurisdiction is timely raised and properly preserved, the defendant may proceed with a defense on the merits without waiving the jurisdictional issue. *In re Marriage of Rinderknecht,* (1977) 174 Ind. App. 382, 394, 367 N.E.2d 1128, 1136 n. 11. This is inapposite to the seeking of affirmative relief which will act as a waiver of a previously preserved jurisdictional issue, such as the filing of a permissive counterclaim, *T.L. Smith Co. v. District Court of Denver,* (1967) 163 Colo. 444, 450, 431 P.2d 454, 457, or a third-party cross claim, *Kuhlman Equipment Co. v. Tammermatic, Inc.,* (1981) 29 Wash.App. 419, 425, 628 P.2d 851, 854, or the filing of a counter-petition in a divorce action, *Holley v. Holley,* (1978) 264 Ark. 35, 40, 568 S.W.2d 487, 490. We do not view a motion for change of venue brought after a proper allegation of lack of *in personam* jurisdiction as requesting affirmative relief of the type aforementioned, such as to effect a waiver of the jurisdictional issue. Accordingly, we herewith expressly disavow the *Hubbard* court's rationale and reliance upon *Killearn Properties, Inc. v. Lambright,* (1978) 176 Ind.App. 684, 377 N.E.2d 417 (motion for change of venue *prior* to assertion of lack of personal jurisdiction is request for affirmative relief and thereby a sub-

 Finally, Omega argues that by sending out interrogatories the State waived the issue of lack of personal jurisdiction. The State entered its appearance and requested an extension of time in which to file on February 27, 1981. The trial court granted the extension and gave the State until April 13, 1981, to file its answer. The State did, in fact, file its answer on that date. However, on April 8, prior to the filing of the State's answer, the State filed with the court its first interrogatories to Omega.[8] The contractor argues that by filing interrogatories which sought to generate a defense on the merits, prior to the preservation of the jurisdictional defense, the State waived any jurisdictional question. In this we are constrained to agree with Omega. While the State could have properly preserved the question of jurisdiction in its answer and then proceeded with a defense on the merits, by filing its interrogatories prior to the assertion of the defense, the State has waived the jurisdictional issue.[9] *See In re Marriage of Rinderknecht*, (1977) 174 Ind.App. 382, 394, 367 N.E.2d 1128, 1136 n. 11. Because we conclude that the State waived the issue, we, accordingly, proceed to address appellant's second issue.

*Issue Two*

The trial court erred in denying the State's motion for judgment on the evidence.[10]

 In reviewing the trial court's ruling on a motion for judgment on the evidence, we apply the same standards which govern the trial court in ruling upon the motion. *Myers v. Maris*, (1975) 164 Ind.App. 34, 39, 326 N.E.2d 577, 580. We must consider the evidence most favorable to the non-moving party, together with all reasonable inferences to be drawn therefrom. *Hall-Hottel Co., Inc. v. Oxford Square Cooperative, Inc.*, (1983) Ind.App., 446 N.E.2d 25, 32, *trans. denied; Senco Products, Inc. v. Riley*, (1982) Ind.App., 434 N.E.2d 561, 567. If there is evidence of each essential element of the claim, we will not say that the trial court erred in directing a verdict.

Omega alleges that the State, by its conduct, modified the contract by requiring Omega to blast to a higher standard than the # 6 commercial blast.[11] The contractor further alleges that such blasting beyond the # 6 standard amounted to additional work for which Omega should have been compensated. There was evidence in the record from which the jury could have found that Omega blasted to a higher standard finish. Standing alone, however, this evidence is insufficient to demonstrate that the State modified the contract.

 The contract itself contained language limiting the ability of the parties to modify the contract. The agreement required modifications to be made by written order. Omega contends that the State modified the contract by its conduct. Because of this, it was incumbent upon Omega to demonstrate that the limiting language of the contract had been waived so

---

mission to the personal jurisdiction of the court), in reaching its contrary conclusion.

8. The State's interrogatories went to the merits of the case and sought to generate a defense thereupon.

9. The State correctly notes that Trial Rule 33(A) allows interrogatories to "be served upon the plaintiff after commencement of the action ...." However, we do not read that rule as an exception to the requirement that a lack of personal jurisdiction be properly preserved. Having proceeded upon the merits prior to preserving the jurisdictional issue, the State may not now excuse its haste by a reliance upon Rule 33.

10. *See* Indiana Rules of Procedure, Trial Rule 50.

11. Omega brought a two-count complaint against the State, the first count alleging a breach of contract and the second count alleging the State's modification of the contract. An examination of the first count, however, reveals that Omega is, in actuality, contending that the State modified the contract. Accordingly, we treat the complaint, and the verdict and judgment entered thereon, as dealing with the alleged modification of the contract and address State's issues accordingly.

as to permit the modifications Omega alleges. Because the contractor failed to demonstrate such a waiver, we must conclude that the trial court erred in denying the State's motion for judgment on the evidence.

State Highway Contract # M–12479 states that the proposal accompanying it is made a part of the contract. The Indiana State Highway Standard Specifications for 1978 are made part of that contract through the proposal. The specifications state, in pertinent part:

"If the Contractor deems that additional compensation will be due him for work or material not clearly covered in the contract or not ordered as extra work, as defined herein, he shall notify the Engineer *in writing* of his intention to make claim for such additional compensation before he begins the work on which he bases the claim. *If such notification is not given* and the Engineer is not afforded proper facilities for keeping strict account of actual cost as required, *the Contractor shall make no claim for such additional compensation.* [Emphasis supplied.]"

Record at 1026. Defendant's Exhibit A, § 105.16. Neither party contends that additional blasting was covered by the contract or ordered as extra work.[12] As such, any claim for additional compensation must fall within the parameters of section 105.16. That section is clear and unambiguous. Absent the requisite written notification, the contractor is without recourse. Where the terms of a contract are plain and clear on the face of the document, such terms are conclusive as to the meaning of the contract and this court will apply the contract's provisions according to the plain language of the document. *Reeder v. Ramsey,* (1984) Ind.App., 458 N.E.2d 682, 685. Omega does not dispute that it failed to properly notify the Engineer in writing pursuant to the express provisions of section 105.16. Accordingly, the contractor is precluded from raising any claim for additional compensation unless it demonstrates that the State waived compliance with section 105.16. This Omega has failed to do. Absent a showing of waiver, the parties must be deemed to be bound by the plain terms of the contract. *See Van Bibber v. Norris,* (1981) Ind., 419 N.E.2d 115, 121 (law will enforce contractual agreements according to their terms).[13] Because there was no evidence presented from which it could reasonably be inferred that the State waived compliance with the provisions of section 105.16,[14] we must conclude that judgment on the evidence should have been granted as a matter of law. The failure to do so constituted reversible error. Accordingly, we reverse the decision of the trial court.

Reversed.

NEAL, P.J., and ROBERTSON, J., concur.

---

**12.** In fact, the State contends that it merely required Omega to blast to the contract standard and that it was Omega's shoddy work that ultimately mandated the re-blasting of spans.

**13.** Contract # M–12479 is a pre-printed form requiring signatures and the completion of several blank spaces. The Standard Specifications were printed as a hard-cover manual. While there was obviously no negotiation as regards the specifications, of which section 105.16 was a part, we note that Omega was a corporation which had previously been involved in contractual relationships with the State and had expressly accepted the provisions of the agreement by entering into the contract. Accordingly, the parties must be deemed to have been bound by the express provisions of the contract.

**14.** Appellee presented no such evidence in its brief and we will not search the record for such evidence. *Akins v. State,* (1981) Ind., 429 N.E.2d 232, 236.