John M. JENNINGS, Appellant
(Respondent Below),

v.

Debra R. JENNINGS, Appellee
(Petitioner Below).

No. 79A02–8802–CV–00040.

Court of Appeals of Indiana,
Second District.

Dec. 21, 1988.

Cynthia L. Garwood, Schultz, Ewan, Burns & Heid, Lafayette, for appellant.

Sybil Sharvelle, Deputy Prosecutor, Lafayette, for appellee.

SHIELDS, Presiding Judge.

John M. Jennings appeals the denial of his motion to vacate a five-year-old default judgment for lack of personal jurisdiction.

We reverse.

## FACTS

In 1980, Debra R. Jennings and John M. Jennings were divorced in Kansas. Debra moved to Indiana following the divorce, and commenced child support proceedings against John in the Tippecanoe Circuit Court in 1982. John was a resident of Illinois when Debra filed the petition for child support. John was served with a summons and a copy of the petition in Illinois by certified mail. He did not, however, participate in the Indiana proceedings, and a default judgment was entered in Debra's favor.

In 1987, John attacked the 1982 default judgment in the Tippecanoe Circuit Court on the ground the judgment was void because the court did not have personal jurisdiction over him. The trial court agreed but nevertheless refused to vacate the judgment:

> The Court, having taken Respondent's Motion to Vacate Judgment under advisement, now finds that this Court lacked *in personam* jurisdiction over Respondent on September 15, 1982; that he received notice of the proceeding on June 14, 1982; that his objections to the proceedings have not been timely filed, and that, as a consequence whereof, he has waived the jurisdictional issue. Accordingly, the Court denies Respondent's Motion to Vacate Judgment.

Record at 104.

## ISSUE

John raises one issue on appeal: whether the trial court was correct in concluding he waived the defense of lack of personal jurisdiction.

## DECISION

John claims the judgment was void because the trial court lacked personal jurisdiction and, accordingly, he may attack it at any time, directly or collaterally. He concedes that such a defense may be waived, but contends that waiver occurs only when the defendant participates in the proceedings prior to raising the issue of jurisdiction. Debra argues the trial court had personal jurisdiction and, in any event, John waived the defense by failing to object in time, and finally, that he is estopped from asserting the defense because he subsequently used the judgment as a defense in a separate proceeding.

## JURISDICTION

■ The trial court properly concluded it did not have personal jurisdiction over John at the time it entered the 1982 default judgment. *Kulko v. California Superior Court* (1978), 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132, is binding precedent. In *Kulko*, the Supreme Court reaffirmed the principle that a support action is an *in personam* action and further held that in such an action the presence of the wife and children in California was not a sufficient contact with that state for California to acquire personal jurisdiction over the nonresident father. Similarly, the presence of Debra and the parties' children in Indiana alone is not a basis for an Indiana court to obtain *in personam* jurisdiction over John. *See In re Marriage of Rinderknecht* (1977), 174 Ind.App. 382, 367 N.E.2d 1128 (residency of petitioner in dissolution proceeding does not provide sufficient contact to give Indiana court *in personam* jurisdiction over nonresident respondent for purposes of adjudicating rights and obligations which are incidents of marriage); *cf. In re Marriage of Hudson* (1982), Ind.App., 434 N.E.2d 107, 117 (under Uniform Child Custody Jurisdiction Law, court may adjudicate *custody* without acquiring personal jurisdiction over absent party); *id.* at 112 (one party's residence in state provides court with jurisdiction over parties' marital status, but not to distribute marital assets); *Persinger v. Persinger* (1987), Ind.App., 531 N.E.2d 502, 504 (petitioner's residence

in forum state provides court with jurisdiction to dissolve marriage).

## WAIVER [1]

 It is true that personal jurisdiction may be waived. *E.g., Willman v. Railing* (1988), Ind.App., 529 N.E.2d 122, 125; *Killearn Properties, Inc. v. Lambright* (1978), 176 Ind.App. 684, 685–86, 377 N.E.2d 417, 418; *Keiser v. Yandes* (1873), 45 Ind. 174, 175. Had John participated in the 1982 suit and failed to raise the issue in a timely manner, he would have waived it. Indiana Rules of Procedure, Trial Rule 12(B)(2), (H)(1). However, since John did not appear or participate in the child support proceeding, he had neither the opportunity nor the obligation to raise the issue. "A defendant is always free to ignore the judicial proceedings, risk a default judgment, and then challenge that judgment on jurisdictional grounds in a collateral proceeding." *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee* (1982), 456 U.S. 694, 706, 102 S.Ct. 2099, 2106, 72 L.Ed.2d 492, 504. *Accord, Practical Concepts, Inc. v. Republic of Bolivia* (1987), D.C.Cir., 811 F.2d 1543, 1547; Restatement (Second) of Judgments § 65 comment b (1980). He may do so now.[2] Thus, the trial court erred in determining John waived the jurisdictional defect in the trial court's 1982 default judgment.

## ESTOPPEL

 A person may be estopped from challenging a void judgment if he has used it to his benefit. "[O]nce a party seeks the affirmative protection or benefit of a court's jurisdiction he should not be allowed to challenge that court's jurisdiction at some later point in the dispute." *In re Chapman* (1984), Ind.App., 466 N.E.2d 777, 780. "[I]t does not lie in the mouth of one who has affirmed the jurisdiction of a court in a particular matter to accomplish a purpose, to afterwards deny such jurisdiction to escape a penalty." *Robertson v. Smith* (1891), 129 Ind. 422, 427, 28 N.E. 857, 859. The rationale behind this application of estoppel is twofold: first, considerations of fairness prevent one from accepting benefits based upon his inconsistent positions; second, the act of accepting benefits is seen as a voluntary consent to the court's jurisdiction.

Thus, the defense requires proof the party against whom it is asserted affirmed the validity of the judgment and proof of prejudice to the party asserting the defense.

Relief from a default judgment on the ground that the judgment is invalid will be denied if:

(1) The party seeking relief, after having had actual notice of the judgment, manifested an intention to treat the judgment as valid; and

(2) Granting the relief would impair another person's substantial interest of reliance on the judgment.

Restatement (Second) of Judgments § 66.

 However, in this case, estoppel is not an issue because the record is devoid of any evidence supporting Debra's estoppel claim. At the hearing, the parties failed to offer any evidence, apparently choosing to rely on the evidence which the trial court could judicially notice: the findings in the 1982 judgment and the allegations in rhetorical paragraphs 1–6 inclusive of John's petition. These findings and admissions establish only that Debra and John were divorced in Kansas; that when Debra filed her child support action she and the parties' children were residents of Indiana but John was a resident of Illinois; that John did not appear or participate in the child support proceeding; and, finally, that John was served in Illinois by certified mail. These facts fail to meet Debra's burden of

---

1. "Waiver" is used here to refer to a defendant's failure to object to the court's exercise of personal jurisdiction—in this case, to John's failure to file a timely objection to personal jurisdiction, under Trial Rule 12(B)(2) of the Indiana Rules of Procedure, and his failure to file a motion for relief from the judgment "within a reasonable time," as required by TR. 60(B).

2. *See Katter v. Arkansas Louisiana Gas Co.* (1985), 8th Cir., 765 F.2d 730, 734 ("[L]aches is not generally recognized as a basis for refusing relief from an invalid (void) default judgment.").

proof on her estoppel defense, though they sustained the trial court's decision that it lacked personal jurisdiction when it entered the 1982 judgment.

JUDGMENT REVERSED.

ROBERTSON and BUCHANAN, JJ., concur.