CONOVER, Judge.
 

 Plaintiffs-Appellants Gary Bruce Adams and Teresa Adams (Adams) appeal the Hancock Superior Court's order dismissing their complaint for damages filed in Indiana against Wisconsin residents defendants-appellees Budgetel Inns, Inc. and Marcus & Co., Inc. (Budgetel).
 

 We reverse.
 

 This appeal presents the following issue:
 

 Whether the trial court erred by dismissing the Adams's complaint due to
 

 (a) lack of personal jurisdiction of defendants, and
 

 (b) Indiana being an inconvenient forum, under Ind.Trial Rule 4.4(C).
 

 While the Adams were staying at a Bud-getel Inn in Kenosha, Wisconsin, Gary Bruce Adams slipped and fell on a thick buildup of ice and snow on the Budgetel Inn's premises. The Adams filed suit against Budgetel in Indiana's Marion Superior Court. After a change of venue to the Hancock Superior Court and a hearing held there, the court entered an order dismissing the Adams's complaint without prejudice because it believed personal jurisdiction over Budgetel was lacking under T.R. 4.4(A)(1) or (8), and Indiana was an inconvenient forum for prosecution of the case under TR. 4.4(C).
 

 The Adams appeal.
 

 I
 

 The Adams argue, and Budgetel does not contest the point, the trial court erred when it found sua sponte it had no personal jurisdiction of Budgetel, We agree.
 

 After the Adams filed suit in Marion Superior Court, Budgetel voluntarily appeared in the action, asked for an extension
 
 *348
 
 of time to plead, then moved for a change of venue from the county.
 

 Under those circumstances, the Hancock Superior Court acquired full in personam jurisdiction of Budgetel. A party not otherwise subject to the court's jurisdiction may, nevertheless, submit himself thereto either by failing to timely object to the court's jurisdiction or by seeking affirmative relief from the court, as by requesting a change of venue. Such submission will preclude any further contention the court lacked in personam jurisdiction. State v. Omega Painting, Inc. (1984), Ind.App., 463 N.E.2d 287, 290; Killearn Properties, Inc. v. Lambright (1978), 176 Ind.App. 684, 377 N.E.2d 417, 418. Without question, the trial court had in personam jurisdiction of Budgetel from the time it appeared and affirmatively sought the change of venue from Marion County. Further, TR. 4(A) states the trial court acquires jurisdiction by the mere voluntary appearance of a defendant.
 
 [1]
 
 Thus, the trial court erred by finding it had no personal jurisdiction of Budgetel.
 

 II
 

 The Adams further contend the trial court abused its discretion by granting Budgetel's motion to dismiss on the grounds of forum non conveniens under TR. 4.4(C). We agree because TR. 4.4(C) has no application to the facts here presented.
 

 TR. 4.4(C) provides, in part
 

 (C) More Convenient Forum. Jurisdiction under this rule is subject to the power of the court to order the litigation to be held elsewhere ... (Emphasis supplied.)
 

 Thus, the pre-requisite to a defendant's seeking relief under TR. 4.4(C)'s more convenient forum provisions is the trial court must have acquired in personam jurisdiction in the manner provided by that rule. In this connection, TR. 4.4(A) provides, in part
 

 (A) Acts Serving as a Basis for Juris diction. Any person or organization
 

 that is a nonresident of this state, ..., submits to the jurisdiction of the courts of this state as to any action arising from the following acts committed by him or his agent:
 

 (1) doing any business in this state;
 

 (2) causing personal injury ... by an act or omission done within this state;
 

 (8) causing personal injury ... in this state by an occurrence, act or omission done outside this state if he regularly does or solicits business ... in this state;
 

 [[Image here]]
 

 It is patent the trial court did not acquire jurisdiction of Budgetel under any of T.R. 4.4(A)'s provisions. By its own assertions (a) Budgetel does no business in this state, (b) no act in Indiana done by Budgetel caused the injuries of which the Adams complain, and (c) Budgetel neither caused an injury in this state nor does it regularly solicit business here. Thus, the trial court did not acquire jurisdiction under T.R. 4.4(A). For that reason, the trial court is precluded from invoking TR. 4.4(C)'s provisions on Budgetel's behalf.
 

 Additionally, once Budgetel voluntarily appeared in the action and sought affirmative relief from the trial court, it was estopped to deny the trial court's jurisdiction over it, Robertson v. Smith (1891), 129 Ind. 422, 28 N.E. 857; Killearn Properties, Inc., 377 N.E.2d at 418. Thus, the trial court's attempted divestiture of jurisdiction in this case under TR. 4.4(C)'s more convenient forum provisions was an improvident exercise of discretion because it was contrary to law.
 

 Reversed and remanded for further proceedings consistent with this opinion.
 

 CHEZEM, P.J., and MILLER, J., concur.
 

 [1]
 

 . However, see Omega Painting's further requirements.