**In re The Marriage of Robert W. SCHNEIDER, Appellant (Respondent Below),**

v.

**Sara Jane SCHNEIDER, Appellee (Petitioner Below).**

**No. 09A02–9001–CV–23.**

Court of Appeals of Indiana, Third District.

June 18, 1990.

R. Tod Groff, Miller, Tolbert, Muehlhausen & Muehlhausen, P.C., Logansport, for appellant.

Jim Brugh, Logansport, for appellee.

HOFFMAN, Presiding Judge.

Appellant Robert W. Schneider appeals a support order and dismissal of a petition for modification of custody and visitation.

The facts relevant to this appeal disclose that Robert and Sara Jane Schneider were divorced in Wisconsin on July 14, 1978. The Wisconsin decree granted Sara Jane custody of the two children and Robert was granted visitation rights. Robert was ordered to pay child support.

Sara Jane moved with the two children in March of 1978 to Cass County, Indiana and they have resided there ever since. Robert has been a resident of Wisconsin ever since the divorce.

On July 19, 1983, Robert petitioned the Cass County Circuit Court to modify his visitation rights. Sara Jane filed a cross-petition for modification of support on August 1, 1983. A hearing was held on August 21, 1983 at which both parties and their counsel appeared. The court found it had subject-matter jurisdiction by reason of the fact that the children had resided in Indiana for five years, making Indiana their home state. The parties submitted an

agreement of modification of the divorce decree as to visitation and support which was approved by the trial court.

On March 17, 1989, Sara Jane filed a motion to modify decree re support and educational expenses; an application for contempt citation against Robert for failure to pay child support was also filed. Robert filed a motion for change of venue from judge on April 14, 1989 which was granted. A motion for modification of custody, visitation and support was also filed by Robert. Both parties and their counsel appeared for the hearing on September 5, 1989. On this date Robert filed a motion to dismiss all matters connected with the modification of support for lack of personal jurisdiction. The trial court found that it was without jurisdiction under the Uniform Child Custody Jurisdiction Act (UCCJA) to make any order regarding custody or visitation of the two minor children. The court then made a finding of personal jurisdiction over Robert and modified the previous support order. This appeal ensued.

Robert raises two issues for review which can be summarized as follows:

(1) whether the trial court erred in finding that it did not have subject-matter jurisdiction to modify custody under the UCCJA; and

(2) whether the trial court erred in finding that it had personal jurisdiction over Robert to modify the child support order.

The appellant Robert argues that Indiana is the proper state to have the custody proceedings since it is the children's home state and the children have significant connections with this state. The appellee contends, in response, that Wisconsin retains jurisdiction since that state rendered the initial custody decree and one party, Robert, remains there. Since this issue deals with an interstate custody determination, the Uniform Child Custody Jurisdiction Act (UCCJA), IND.CODE § 31–1–11.6–1 *et seq.* (1988 Ed.), governs.

The applicable sections of the UCCJA regulating subject-matter jurisdiction of the court are IND.CODE §§ 31–1–11.6–3 and 31–1–11.6–14. The former statute provides:

"(a) A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or *modification decree* if:

(1) this state (A) is the *home state of the child at the time of commencement of the proceeding,* or (B) had been the child's home state within six (6) months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state; or

(2) *it is in the best interest of the child that a court of this state assume jurisdiction because (A) the child and his parents, or the child and at least one (1) contestant, have a significant connection with this state, and (B) there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships;* or

(3) the child is physically present in this state and (A) the child has been abandoned or (B) it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent; or

(4)(A) *it appears that no other state would have jurisdiction under prerequisites substantially in accordance with paragraphs (1), (2) or (3), or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and (B) it is in the best interest of the child that this court assume jurisdiction.*

(b) Except under paragraphs (3) and (4) of subsection (a), physical presence in this state of the child, or of the child and one (1) of the contestants, is not alone sufficient to confer jurisdiction on a

court of this state to make a child custody determination.

(c) Physical presence of the child, while desirable, is not prerequisite for jurisdiction to determine his custody." [Emphasis added.]

IND.CODE § 31–1–11.6–3.

The relevant portion of the latter statute explains when a custody decree of another state may be modified:

"(a) *If a court of another state has made a custody decree, a court of this state shall not modify that decree unless* (1) it appears to the court of this state that *the court which rendered the decree does not now have jurisdiction* under jurisdictional prerequisites substantially in accordance with this chapter *or has declined to assume jurisdiction* to modify the decree *and (2) the court of this state has jurisdiction.*" [Emphasis added.]

IND.CODE § 31–1–11.6–14.

■ We agree with the court in *Clark v. Clark* (1980), Ind.App., 404 N.E.2d 23, 27, that subject-matter jurisdiction cannot be imposed by the consent of the parties and must be derived from statute or the Constitution. *See also: Campbell v. Campbell* (1979), 180 Ind.App. 351, 388 N.E.2d 607. The UCCJA does provide that parties may agree on the more appropriate forum in certain circumstances. IND.CODE § 31–1–11.6–7. This section of the UCCJA, entitled inconvenient forum, allows the court *with jurisdiction* to decline to exercise its jurisdiction if it finds that another state is the more appropriate forum.

■ In this case, the Wisconsin court rendered the original decree. At no point has the Wisconsin court declined to exercise its jurisdiction and under this Court's holding in *Zillmer v. Lakins* (1989), Ind. App., 544 N.E.2d 550, the Wisconsin court retains jurisdiction since one parent, Robert, continues to reside in Wisconsin. Professor Bodenheimer, the reporter for the commission which drafted the UCCJA, provided guidance in this area:

" 'Exclusive continuing jurisdiction is not affected by the child's residence in another state for six months or more. Although the new state becomes the child's home state, significant connection jurisdiction continues in the state of the prior decree *where the court record and other evidence. exists and where one parent or another contestant continues to reside.* Only when the child and all parties have moved away is deference to another state's continuing jurisdiction no longer required.' " [Original emphasis.]

Bodenheimer, *Interstate Custody: Initial Jurisdiction and Continuing Jurisdiction Under the UCCJA,* 14 Fam.L.Q. 214, 215 (1981), *cited* in *Funk v. Macaulay* (1983), Ind.App., 457 N.E.2d 223, 227.

Although Robert remains a resident of Wisconsin, the state of the original decree, there are several factors which compel us to hold that Indiana has jurisdiction over this case. The UCCJA was implemented to eliminate "forum shopping" and to deter "child snatching." Bodenheimer, *supra,* at 203–204; *Funk, supra,* at 228. The purposes of the act are set out in IND.CODE § 31–1–11.6–1. The best interests of the children are the first and foremost consideration of this Court. This act was developed to help assure that litigation concerning the custody of children takes place in the state with which the children and their family have the closest connection and where significant evidence concerning their care, protection, training and personal relationships is most available. IND.CODE § 31–1–11.6–1(a)(3). The enactors wanted to discourage continuing controversies over child custody in the interest of greater stability of home environment and of secure family relationships for the children. IND.CODE § 31–1–11.6–1(a)(4). It is important that the trial court be mindful of these purposes. In each case the trial court should engage in a delicate balancing of these purposes, keeping in mind that the primary purpose of the act is to promote the best interests of the children. *See: In re Marriage of Leonard* (1981), 122 Cal. App.3d 443, 175 Cal.Rptr. 903.

In 1983, the Indiana court assumed jurisdiction over this case based on the fact that Indiana was the home state of the children. The court modified the decree and no ap-

peal was taken. Thus, Indiana now maintains court records and other evidence relating to this case. Although it was noted above that subject-matter jurisdiction cannot be conferred upon a court of this state, an inference may reasonably be drawn that the parties themselves consider the children's family and other ties to Indiana to be stronger than Wisconsin since this case was already once litigated in this state and the parties again last year submitted the case to this state's court. *See: Smith v. Super. Ct. of San Maeto City* (1977), 68 Cal.App.3d 457, 137 Cal.Rptr. 348.

Based upon IND.CODE § 31–1–11.6–3 (quoted above), Indiana is without a doubt the home state of the children and has been since 1978. The children and their mother have significant connections with this state and substantial evidence concerning the children's present and future care, protection, training, and personal relationships is available in this state.

It would contravene the purposes of the act to submit this case to a Wisconsin court. To do so would cause further litigation and controversy over the custody issue. In support of this point it is interesting to note that it is the nonresident, Robert, who in 1983 and last year asked the Indiana court to modify visitation and it is the resident, Sara Jane, who wants the issue litigated in Wisconsin. It is possible that Sara Jane seeks to delay change of visitation by submitting this issue to a Wisconsin court, especially since a delay could hinder Robert's attempt to have the children for a longer period this summer.

There is no pending litigation in Wisconsin nor has there been any litigation in that state since the divorce in 1978. While it would have been the better practice to have the Wisconsin court formally decline to assume jurisdiction, it is not fatal to this state in assuming subject-matter jurisdiction.

The next issue is whether the trial court had personal jurisdiction over Robert to modify the support order. This issue is not covered under the UCCJA:

"(2) '[C]ustody determination' means a court decision and court orders and instructions providing for the custody of a child, including visitation rights; *it does not include a decision relating to child support* or any other monetary obligation of any person[.]" [Emphasis added.]

IND.CODE § 31–1–11.6–2(2).

Robert is a resident of Wisconsin. However, after Sara Jane filed her petitions on March 17, 1989, Robert filed his motion for change of venue from judge on April 14, 1989 which was granted that same day. Although Robert further filed a motion for modification of custody, visitation and support, his initial act of obtaining a change of judge was sufficient to show that he voluntarily submitted himself to the trial court's jurisdiction.

■ When a party either seeks affirmative relief from a court or fails to object in a timely manner to the jurisdiction of a court, he has voluntarily submitted his person to that court. *Killearn Prop.,, Inc. et al. v. Lambright et al.* (1978), 176 Ind.App. 684, 377 N.E.2d 417. Having done so, that party will not be allowed thereafter to challenge the court's personal jurisdiction. *Id.* When a party requests affirmative relief, he is prevented from challenging personal jurisdiction on the theory of estoppel. *Id.* When a party fails to object to personal jurisdiction in a timely manner, the preclusion is predicated on the theory of waiver. *Id.*

The Supreme Court addressed this subject in *Nesbit v. Long* (1871), 37 Ind. 300, after a defendant had asked for and had been granted a change of venue and then contended that the court lacked personal jurisdiction.

" 'Without jurisdiction over the defendant's person he could not order a change of venue. His order changing the venue and directing before what justice the cause should be tried, was an exercise of jurisdiction over the cause and the parties; and this was done on the affidavit and motion of the defendant. The defendant thus fully submitted himself to the jurisdiction of the justice before whom the action was commenced; and it follows that the justice to whom

the cause was sent could exercise jurisdiction.

Having thus submitted to the jurisdiction of the justice, he could not afterward controvert it.' "

*Killearn, supra,* 176 Ind.App. at 686, 377 N.E.2d at 419.

When Robert sought affirmative relief from the court, he voluntarily submitted himself to the jurisdiction of the court. He is now estopped from challenging the trial court's personal jurisdiction.

Reversed in part and remanded for proceedings consistent with this opinion; affirmed in part.

CHEZEM, P.J., concurs.

GARRARD, J., concurs in result with opinion.

GARRARD, Judge, concurring in result.

I concur in the result reached by the majority. I write separately to stress that this was most probably a needless appeal wasting the resources of both the court and the litigants.

The UCCJA specifically, permits a court with potential jurisdiction in cases such as this to decline to exercise that jurisdiction on the ground that another state is more appropriate. IC 31–1–11.6–3(a)(4); IC 31–1–11.6–6; IC 31–1–11.6–7.

Thus, either at the request of an interested party or by *sua sponte* action of the Indiana trial court, this question should have been brought to the attention of the Wisconsin court and a resolution effected.