James M. HARDY, Jr., James Hardy
and Connie Hardy, Appellants–
Defendants,

v.

Benjamin MALDONADO,
Appellee–Plaintiff.

No. 64A03–9302–CV–69.

Court of Appeals of Indiana,
Third District.

April 18, 1994.

Harvey Karlovac, Law Offices of Timothy F. Kelly & Associates, Munster, for appellants.

William S. Spangler, Crown Point, for appellee.

HOFFMAN, Judge.

Appellants-defendants James M. Hardy, Jr., James Hardy and Connie Hardy (collectively referred to as "the Hardys") bring this interlocutory appeal from an order deny their motion to dismiss appellee-plaintiff Mal-

donado's complaint for personal injury damages following a pedestrian-automobile accident.

On September 6, 1990, Maldonado was struck by a vehicle owned by James and Connie Hardy, husband and wife, and operated by their son, James Hardy, Jr. Maldonado filed suit against the Hardys to recover for his injuries. The complaint alleged that James Hardy, Jr. was negligent in the operation of the vehicle which James and Connie owned.

Maldonado directed summonses to each of the defendants. Although Connie was served with process, the summonses directed to James and James, Jr. were returned unserved. Maldonado then sent an alias summons to James, in care of his auto insurer. An alias summons was also directed to James, Jr. which was returned unserved.

The Hardys appeared by counsel and filed their answer, including the affirmative defenses of failure to state a claim and ineffective service of process on January 7, 1992. On December 7, 1992, Maldonado moved to amend his complaint. Maldonado was granted leave to amend his complaint on December 9, 1992.

On September 15, 1992, the Hardys filed a motion to dismiss Maldonado's claim, based on insufficient service of process. The motion was denied. Thereafter, the Hardys filed a motion to dismiss for failure to state a claim against James and Connie, along with a motion to reconsider the court's previous ruling on service. Both motions were denied. The Hardys now bring this properly certified interlocutory appeal.

The Hardys raise three issues, which this Court consolidates for review:

(1) whether James Hardy and James Hardy, Jr. were properly served notice; and

(2) whether Maldonado's amended complaint relates back to the date of the original pleading.

■ The Hardys argue that the trial court erred in failing to dismiss the cause of action as to James and James, Jr. for lack of personal jurisdiction. A trial court lacks personal jurisdiction over a defendant and therefore cannot issue a binding judgment against

that defendant if service upon that person was insufficient or not executed. *Overhauser v. Fowler* (1990), Ind.App., 549 N.E.2d 71, 73. A judgment where the trial court lacks personal jurisdiction over the defendant is void. *Poteet v. Bethke* (1987), Ind.App., 507 N.E.2d 652, 653.

■ Due process requires service of notice in a manner that is reasonably calculated to inform the defendant of the pending lawsuit. *Washington v. Allison* (1992), Ind.App., 593 N.E.2d 1273, 1275. Actual knowledge derived from a source other than service of process does not satisfy the due process requirement.

*Id.;*

*Overhauser,* 549 N.E.2d at 73.

Indiana Trial Rule 4.1 sets forth four ways service may be made upon an individual: (1) "sending a copy of the summons and complaint by registered or certified mail"; (2) personal delivery; (3) leaving a copy at the person's "dwelling house or usual place of abode"; and (4) serving the person's agent "as provided by rule, statute or valid agreement". T.R. 4.1(A). Further, if service is made under (3) or (4), the person making the service must also send a copy of the summons without the complaint by first class mail to the last known address of the person being served. T.R. 4.1(B).

Maldonado directed summonses to each of the defendants. The manner of service designated for Connie and James was certified mail and James, Jr. was to be personally served by the sheriff. Although it is undisputed that Connie was served with process, the summonses directed to James and James, Jr. were returned unserved. Thereafter, an alias summons was served upon James' automobile insurer. Maldonado also directed an alias summons to James, Jr. via certified mail, which was again returned unserved.

■ Service directed to and served on Connie Hardy as a defendant in the pending lawsuit is not sufficient service upon her husband, James.

*Cf. Idlewine v. Madison County Bank & Trust Co.* (1982), Ind.App., 439 N.E.2d

1198, 1201 (one copy of a joint summons delivered to a residence where two parties to the lawsuit reside does not constitute proper service);

*Chesser v. Chesser* (1976), 168 Ind.App. 560, 563, 343 N.E.2d 810, 812 (mere fact that party had actual knowledge of the lawsuit does not satisfy due process or give the court personal jurisdiction of the party).

Moreover, unless provided by "rule, statute, or valid agreement," an insurer is not an insured's agent for purposes of service of process.

*See* T.R. 4.1(A)(4);

*Logan v. Schafer* (1991), Ind.App., 567 N.E.2d 855, 857 n. 2;

*Poteet,* 507 N.E.2d at 654.

Service upon James was never properly effected. Maldonado also failed to serve James, Jr. with a summons and the complaint.

█ Maldonado counters that by requesting a change of venue the Hardys voluntarily submitted themselves to the court's personal jurisdiction. Maldonado's reliance on *Killearn Prop., Inc. et al. v. Lambright et al.* (1978), 176 Ind.App. 684, 377 N.E.2d 417, is misplaced. In *Killearn,* this Court held that a defendant who challenges personal jurisdiction *after* moving for a change of venue waives his challenge. *Id.* at 685–86, 377 N.E.2d at 418–419. In the present case, however, the Hardys' motion for a change of venue was filed contemporaneously with their challenge to the court's personal jurisdiction on the basis of ineffective service. In *State v. Omega Painting, Inc.* (1984), Ind. App., 463 N.E.2d 287, this Court expressly approved of the procedure by which the Hardys raised their jurisdictional defense. As noted in *Omega:*

"once the defense of lack of personal jurisdiction is properly preserved, the defendant may proceed with the defense on the merits without waiving the jurisdictional issue. Accordingly, we cannot say that such a request for a change of venue, filed contemporaneously with or subsequent to the proper preservation of the jurisdiction-

al question, seeks the affirmative relief of the court and, thereby, acts as a waiver of, or an estoppel to assert, the jurisdictional claim."

*Id.* at 292.

As service upon James and James, Jr. was not properly effected, the trial court lacked personal jurisdiction of them. Therefore, the court erred in failing to grant their motion to dismiss.

The Hardys also contend that the trial court erroneously denied their motion to dismiss Maldonado's claim against James and Connie Hardy[1] for failure to state a claim upon which relief can be granted. After James and Connie filed their motion to dismiss for failure to state a claim, Maldonado motioned for and was granted leave to file an amended complaint. The amended complaint was based, in part, on the theory that James, Jr. was acting as James and Connie's agent when he struck Maldonado. Despite the Hardys' contention to the contrary, it is clear the trial court's conclusion the complaint stated a claim upon which relief can be granted, was based on Maldonado's amended complaint.

█ The policy generally is to liberally allow amendments of pleadings and leave to amend should be given unless the amendment would result in prejudice to the opposing party. *Huff v. Travelers Indemnity Co.* (1977), 266 Ind. 414, 420, 363 N.E.2d 985, 989. The trial court is vested with broad discretion in determining whether to permit amendments to pleadings. *Id.* Additionally, when a claim or defense asserted in the amended pleading "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." Ind. Trial Rule 15(C). Maldonado's amended complaint related back to the date of the original pleading as it arose out of occurrence which attempted to be set forth in his original pleading. *See McCarty v. Hospital Corp. of America* (1991), Ind., 580 N.E.2d 228, 231 (amendment stating a new claim for relief is permissible if it arises from the same factual circumstances pled in the initial complaint). Additionally,

---

**1.** This issue is addressed as it applies to Connie.

the Hardys' proposition that Maldonado was required to ask or the trial court was required to explicitly state that the amended complaint related back to the date of the original complaint is not supported by the trial rules. No explicit request for the amended complaint to relate back to the date of the original complaint is required. *See* T.R. 15(C). The burden is on the Hardys as appellants to demonstrate reversible error. The trial court did not err in denying the Hardys' motion to dismiss for failure to state a claim.

Affirmed in part, reversed in part and remanded.

STATON and RILEY, JJ., concur.