Timothy J. KELLEY,
Appellant-Respondent,

v.

Deborah Scott KELLEY,
Appellee-Petitioner.

No. 1-778A198.

Court of Appeals of Indiana,
First District.

March 28, 1979.

Rehearing Denied May 7, 1979.

Phillip W. Brown, Shelbyville, for appellant-respondent.

Charles T. Bate, Shelbyville, for appellee-petitioner.

LYBROOK, Presiding Judge.

On December 9, 1977, Shelby Circuit Court rendered a decree of dissolution in the marriage of petitioner-appellee Deborah S. Kelley and respondent-appellant Timothy J. Kelley. This decree, *inter alia*, awarded custody of the three minor children of the parties to Deborah.

Timothy appeals, raising only one issue for our review:

Whether the trial court had jurisdiction to adjudicate the custody of the two minor sons of the parties?

We affirm.

Deborah and Timothy met in Boston, Mass., where both were teaching, and were married on February 20, 1965, in Shelbyville, Deborah's original home. They lived in Boston three years, then moved to Germany where Timothy was principal of the American Dependent School on an Air Force base and where they resided for eight years until their separation.

Deborah suggested a trial separation so that she could return to the United States with her daughter, leaving the two sons in Germany with Timothy so they could con-

tinue to attend his school. Timothy refused to agree and on January 22, 1976, Deborah, without Timothy's knowledge, brought the three children back to the United States. They took up residence in Shelbyville.

In March, 1976, Timothy came to Indiana to attempt a reconciliation, but failed. The parties agreed: 1) that Deborah and the daughter would remain in Indiana and the two sons would return with their father to Germany to complete the school year; and 2) that during the summer of 1976, the sons would visit their mother in Indiana, returning to Germany in August for the 1976–77 school term. Both parties fulfilled their agreement. The sons returned to Shelbyville on July 13, 1976, and to Germany at the end of August. During the time the sons were in Indiana, on July 29, 1976, Deborah filed her petition for dissolution of marriage. Timothy was served by certified mail in Germany on August 9, 1976.

On October 7, 1976, Timothy entered a special appearance by counsel for the sole purpose of attacking the jurisdiction of the court in the dissolution proceeding. He filed a motion to dismiss on October 7, alleging that Shelby Circuit Court lacked jurisdiction over his person because of insufficiency of process and improper venue. On October 11, 1976, Deborah filed a motion for change of judge which was granted.

In April, 1977, Timothy and the two sons returned to Indiana. On April 22, Deborah filed a consolidated affidavit, motion and petition for temporary support and determination of temporary custody and suit money, and for an order restraining Timothy from removing the daughter from the jurisdiction of the court until temporary custody was judicially determined. The restraining order was issued on April 22. Timothy was personally served by alias summons in Shelby County on April 26, and on April 27, his motion to dismiss was overruled.

On May 24, Deborah and Timothy filed an agreed entry with the court as follows:

"Parties appear in open Court, in person and with their respective counsel, and submit the following Agreed Entry for the approval of the Court.

It is agreed by and between the parties as follows:

1. That the trial of this cause shall be set as soon as possible at the convenience of the Court.

2. The possession of the minor daughter of the parties, Virginia DePrez Kelley, shall forthwith be delivered to respondent, Timothy J. Kelley, to return with him to his home in Germany.

3. Respondent, Timothy J. Kelley shall return the said Virginia DePrez Kelley to the possession of petitioner on or before July 8, 1977. At the same time, respondent shall deliver to petitioner the minor sons of the parties, Matthew S. Kelley and William S. Kelley for summer visitation, said sons to be returned to respondent in Germany in time for the beginning of school in the fall of 1977.

4. All costs of transportation involved in the above entry shall be borne by the respondent Timothy J. Kelley."

The agreed entry was approved and so ordered by the court on May 24, 1977. On May 26, the cause was set for trial on August 26.

Timothy failed to comply with this agreement by not returning the three children to Deborah on or before July 8, 1977, and by communicating with Deborah that he would not send the children back until "things were settled" between the parties.

After Deborah filed a petition for rule to show cause, the court, on July 27, 1977, ordered Timothy to appear on August 26, to show cause why he should not be punished for contempt. Timothy was notified by certified mail on August 8.

Trial on the petition for dissolution of marriage and the motion for rule to show cause was had on August 26. Petitioner appeared in person and by counsel and presented evidence. Respondent appeared by counsel only and rested without presenting evidence. The decree was rendered on December 9, 1977.

Appellant makes two equally unsuccessful arguments: 1) that the court lacked *in*

*personam* jurisdiction over his person; and 2) that the court lacked jurisdiction over the custody proceedings.

The parties agree that Deborah met the residency requirements of Ind.Code 31–1–11.5–6 (Supp.1977) and, therefore, the court had the requisite *in rem* jurisdiction to dissolve the marriage of the parties. They also agree that, in adjudicating the incidents of the marriage (child custody being one such incident), the court is required to obtain *in personam* jurisdiction over both parties. *In re Marriage of Rinderknecht*, (1977) Ind.App., 367 N.E.2d 1128.

Appellant denies that Shelby Circuit Court obtained the requisite personal jurisdiction over his person. It is unnecessary for us to address this contention on its merits because we find that the appellant is estopped to deny that the trial court had personal jurisdiction over him.

In *Killearn Properties, Inc. v. Lambright*, (1978) Ind.App., 377 N.E.2d 417, the Lambrights filed their complaint in LaGrange Circuit Court. Killearn subsequently filed a request for a change of venue. That motion was granted and the cause was transferred to Noble Circuit Court. After the transfer, Killearn filed with Noble Circuit Court a motion to dismiss, alleging a lack of personal jurisdiction. The trial court denied the motion.

In affirming the trial court's denial of Killearn's motion to dismiss, we said, at 377 N.E.2d 418:

"A party not otherwise subject to the personal jurisdiction of a court may nonetheless voluntarily submit himself to that court's jurisdiction. When a party either seeks affirmative relief from a court or fails to object in a timely manner to the jurisdiction of a court, he has voluntarily submitted his person to that court. *State of Florida ex rel. O'Malley v. Department of Insurance* (1973), 155 Ind.App. 168, 291 N.E.2d 907. Having done so, that party will not be allowed thereafter to challenge the court's personal jurisdiction. *Harbaugh v. Albertson* (1885), 102 Ind. 69, 1 N.E. 298. Where the party has requested affirmative relief, the preclu-

sion from challenging personal jurisdiction is predicated on the theory of estoppel. *Robertson v. Smith* (1891), 129 Ind. 422, 28 N.E. 857. Where the party has failed to object in a timely manner, the preclusion is predicated on the theory of waiver. *Phillips v. Great Lakes Health Congress* (1976), Ind.App., 354 N.E.2d 307."

After entering a special appearance for the sole purpose of attacking the court's jurisdiction, appellant entered into an agreed entry with appellee and the two parties submitted the agreement to the court for its approval. Under *Killearn, supra*, has a party who has filed an agreed entry for the court's approval in a cause of action submitted himself to the court's jurisdiction?

Timothy's submission of the agreed entry for the court's approval was a request for the exercise of jurisdiction by the court in which the dissolution proceeding was commenced. When the court acted as requested and approved the agreed entry, essentially entering an order incorporating the terms of the agreed entry, Timothy obtained the exercise of jurisdiction that he had requested. The order was an exercise of jurisdiction over the cause done on the request of the appellant.

Under the rule of *Killearn, supra*, we hold that Timothy voluntarily submitted his person to Shelby Circuit Court by seeking affirmative relief by means of the agreed entry and is thus estopped from challenging the court's *in personam* jurisdiction over his person.

We would also point out that Deborah had secured a restraining order preventing Timothy from removing the daughter from the court's jurisdiction until temporary custody was judicially determined. When the court approved and so ordered the terms of the agreed entry that placed temporary custody of the daughter with Timothy only from the date of the order, May 24, 1977, until July 8, 1977, the matter of temporary custody was judicially determined and the restraining order expired. Had Deborah

refused thereafter to surrender custody of the daughter to Timothy for the May 24–July 8 period, Timothy could have petitioned the court for a rule to show cause and Deborah could have been held in contempt of court. But, in obvious reliance on Timothy's fulfillment of the terms of the agreed entry and the resulting court order, Deborah surrendered the daughter to Timothy who proceeded to remove the daughter from the jurisdiction of the court and then to violate the terms of the agreed entry and court order. For Timothy to be allowed to use the court's exercise of its jurisdiction in this manner and then to challenge that jurisdiction would be an inequitable result which we could not abide.

■ Appellant's second argument, that the court lacked jurisdiction over the custody proceedings, is based on his interpretation of Ind.Code 31–1–11.5–20, since amended. In effect at the time Deborah filed her petition for dissolution of marriage was the following language of Ind.Code 31–1–11.5–20:

> "A child custody proceeding is commenced in the court by a parent by filing a petition pursuant to section 4(a) [31–1–11.5–4(a)] or (b) [31–1–11.5–4(b)]; or by a person other than a parent, by filing a petition seeking a determination of custody of the child in the county in which the child is permanently resident or where he is found."

Appellant argues that the last phrase, "in the county in which the child is permanently resident or where he is found", modifies the first part of the statute which precedes the semicolon as well as the second part of the statute which follows the semi-colon, and that Deborah's petition was not filed in a county where the two sons permanently resided or where they were found.

We need not decide whether appellant's construction of the statutory language is correct because it is clear from the evidence that, if Deborah's petition were required to be filed where the sons permanently resided or were found, one of the two disjunctive requirements was met. On the date the petition was filed, July 29, 1976, the two sons were with their mother in Shelby County.

The trial court clearly had both jurisdiction over the custody proceedings and *in personam* jurisdiction over the appellant.

Affirmed.

LOWDERMILK and ROBERTSON, JJ., concur.