**STATE of Indiana, Defendant-Appellant,**

v.

**OMEGA PAINTING, INC.,**
**Plaintiff-Appellee,**

**American Druggist Insurance Co.,**
**Intervening Plaintiff Below.**

**No. 1–383A82.**

Court of Appeals of Indiana,
First District.

June 20, 1984.

Transfer Denied Sept. 7, 1984.

Linley E. Pearson, Atty. Gen., Thomas R. Hamill, Robert S. Spear, Deputy Attys. Gen., Indianapolis, for defendant-appellant.

Charles C. Griffith, Brian K. Carroll, Johnson, Carroll & Griffith, P.C., Evansville, for plaintiff-appellee.

ON PETITION FOR REHEARING .

RATLIFF, Judge.

On appeal, this court reversed a judgment of the Posey Circuit Court, entered upon a jury's verdict, for additional costs incurred in the completion of a bridge painting contract. We concluded that the express language of the contract precluded Omega's contention that the contract had been orally modified. Omega now petitions for rehearing, raising a number of issues. However, only one issue merits our attention in order that we may correct a factual error inadvertently introduced into our original opinion.

In the opinion on appeal, we noted:

"Contract # M–12479 is a pre-printed form requiring signatures and the completion of several blank spaces. The Standard Specifications were printed as a hard-cover manual. While there was obviously no negotiation as regards the specifications, of which section 105.16 was a part, we note that *Omega was a corporation which had previously been involved in contractual relationships with the State* and had expressly accepted the provisions of the agreement by entering into the contract. Accordingly, the parties must be deemed to have been bound by the express provisions of the contract. [Emphasis supplied.]"

*State v. Omega Painting, Inc.,* (1984) Ind. App., 463 N.E.2d 287 at 294. Omega, in its petition for rehearing, contends that the emphasized portion of the above-quoted footnote is erroneous because the contract involved in the instant case was, in fact,

Omega's first contract with the State. We agree that the statement is in error and, therefore, proceed to correct our prior misstatement.

Omega expressly stated in its appellee's brief that "[t]he Omega employees were experienced sandblasters and painters. They performed on this job in producing a No. 6 commercial blast as they did for other jobs *for the State of Indiana,* (R.Vol. V, p. 960) ..." Appellee's brief at 5 (emphasis supplied). This court mistakenly accepted Omega's statement as an accurate representation of the evidence contained in the record. However, our current reexamination of Omega's citation to the record reveals only that Omega had performed other sandblasting jobs within the geographical confines of the state. Accordingly, our statement that Omega had been previously involved in contracts with the State is not supported by the record and such statement is, therefore, erroneous. However, our factual misstatement in no way alters the tenor of footnote 13, and we hereby expressly reaffirm that tenor in light of the express and unequivocal language of the contract in question. Having thus corrected our erroneous statement of fact, we hereby denied appellee's petition for rehearing.

Petition denied.

NEAL, P.J., and ROBERTSON, J., concur.