In re the Visitation of Michelle CHAP-
MAN and Angela Chapman,
Minor Children.

Jerry M. CHAPMAN, Natural Father,
Appellant (Defendant Below),

v.

Walter Allen SKINNER and Shirley Jean
Skinner, Maternal Grandparents, Ap-
pellees (Plaintiffs Below).

No. 3–1283A407.

Court of Appeals of Indiana,
Third District.

Aug. 9, 1984.

Rehearing Denied Oct. 2, 1984.

Alfred H. Plummer III, Plummer, Tiede,
Magley, Metz & Downs, Wabash, for appel-
lant.

Edgar A. Grimm, Grimm & Grimm, P.C.,
Auburn, for appellees.

HOFFMAN, Judge.

On June 13, 1980, the Wabash Circuit Court entered a decree dissolving the marriage of Claudia and Jerry Chapman. Pursuant to this decree Jerry Chapman was awarded custody of the parties' two minor children. The decree also prohibited Chapman from removing the children from the state without the prior approval of the court. On December 7, 1982, Chapman petitioned the Wabash Circuit Court for permission to remove the children from the state.

Sometime prior to the date of Chapman's petition the children's grandparents became aware of his plans to remove the children. On December 1, 1982, the grandparents filed a petition in the LaGrange Circuit Court requesting visitation rights. Thus, began a series of procedural maneuvers and counter measures by each party designed to thwart the effect and process of the other party's legal action.

On December 1, 1982, the day the grandparents filed their petition, the LaGrange Circuit Court entered a temporary restraining order enjoining Chapman from removing the children from the state. On December 17, 1982, Chapman filed, with the LaGrange Circuit Court, a motion to dismiss the grandparents' petition on the ground the court lacked jurisdiction and was an improper venue. On January 3, 1983, the LaGrange Circuit Court was informed of the proceedings initiated by Chapman in the Wabash Circuit Court. In light of this fact the LaGrange Circuit Court continued the matter of the grandparents' petition and Chapman's motion to dismiss until the conclusion of the matter before the Wabash Circuit Court.

On March 4, 1983, the grandparents requested a hearing before the LaGrange Circuit Court. The hearing was set for March 14, 1983, but continued until March 30, 1983. On March 30, the parties appeared before the LaGrange Circuit Court and entered into an agreement, accepted by the court, providing for visitation of the children by the grandparents. As part of this agreement, accepted by the LaGrange

Circuit Court, the parties stipulated the agreement did not operate to concede the jurisdiction issue raised by Chapman.

On June 2, 1983, the Wabash Circuit Court granted Chapman's petition to remove the children from the state. On this same date the Wabash Circuit Court also denied his former wife's motion for modification of custody. On June 3, 1983, the grandparents filed a verified application for rule to show cause in the LaGrange Circuit Court. The matter was set for July 19, at which time the LaGrange Circuit Court held a hearing in Chapman's absence.

The LaGrange Circuit Court found Chapman in contempt for violating the visitation agreement entered into before the court on March 30, and for violating the temporary restraining order, issued by the court on December 1, 1982. The children were made temporary wards of the LaGrange County Department of Public Welfare. On August 29, 1983, Chapman was sentenced to serve 180 days in the LaGrange County jail and fined $200. Chapman's motion to dismiss was never ruled upon by the LaGrange Circuit Court. This appeal results.

On appeal the issues presented for review are:

(1) whether the LaGrange Circuit Court lacked jurisdiction and was an improper venue for action upon the grandparents' petition for visitation;

(2) whether Chapman waived or is estopped from raising the issue of the jurisdiction and venue of the LaGrange Circuit Court;

(3) whether the ruling of the LaGrange Circuit Court, entered on August 29, 1983, was an impermissible collateral attack on the judgment of the Wabash Circuit Court; and

(4) whether the LaGrange Circuit Court abused its discretion in entering its order of August 29, 1983.

First, Chapman attacks the LaGrange Circuit Court's action on the ground that it lacks jurisdiction. It is Chapman's contention that IND.CODE § 31-1-11.7-6 requires that the grandparents bring their

petition for visitation rights before the Wabash Circuit Court as that is the court which granted the dissolution of the Chapmans' marriage. According to Chapman the LaGrange Circuit Court has no jurisdiction to grant the grandparents' petition as that would amount to modifying the custody order as decreed by the Wabash Circuit Court at the time the marriage was dissolved.

Jurisdiction is generally regarded as the legal power to enter a valid ruling upon a dispute. *Overpeck v. Dowd, Adm. et al.,* (1977) 173 Ind.App. 610, 364 N.E.2d 1043. When determining whether a particular forum possesses jurisdiction to hear a specific case, there are three areas of concern: 1) subject-matter jurisdiction; 2) jurisdiction of the person; and 3) jurisdiciton of the particular case. *Newton et al. v. Bd. of Tr. Vincennes University,* (1968) 142 Ind.App. 391, 235 N.E.2d 84. Where a court lacks subject-matter jurisdiction, the judgment of that court is void and may be attacked at any time. *D.L.M. v. V.E.M.,* (1982) Ind.App., 438 N.E.2d 1023. In contrast where a court has subject-matter jurisdiction but lacks jurisdiction over the particular case, it is said to be an improper venue and judgment by this court is voidable and must be timely objected to. *United Steelworkers v. Northern Ind., etc.,* (1982) Ind.App., 436 N.E.2d 826.

It is lack of jurisdiction of the particular case that Chapman raises in the case at bar. The majority of cases discussing this issue provide little insight into this question as they involve situations wherein the issue has been waived by a party's failure to object. *Bd. of Trustees v. City of Ft. Wayne,* (1978) 268 Ind. 415, 375 N.E.2d 1112; *Farley v. Farley,* (1973) 157 Ind.App. 385, 300 N.E.2d 375; *Newton et al. v. Bd. of Tr. Vincennes University, supra.* This issue has not been waived in the case at bar. At every appropriate stage of the proceedings, Chapman presented his objection that the LaGrange Circuit Court lacked jurisdiction and was an improper venue for the grandparents' petition. Thus, it must be determined whether the LaGrange Circuit Court did in fact have jurisdiction to hear this particular case.

In order to determine whether the LaGrange Circuit Court possesses jurisdiction to hear this matter, it is necessary to review the applicable statutory provisions. Pursuant to IND.CODE § 31–1–11.7–2 grandparents are granted the right to petition the court to grant them visitation rights with their grandchildren in instances where the parents are divorced or one has died. IND.CODE § 31–1–11.7–6 provides that in cases involving a dissolution of marriage the grandparents shall file their petition in the court having jurisdiction over the dissolution. This is the situation which exists in the case at bar.

The language of the statute is clear. The grandparents should have filed their visitation petition in the Wabash Circuit Court which had jurisdiction over the dissolution of the Chapmans' marriage and continuing jurisdiction of the child custody decree. This interpretation of the statute is also consistent with the provisions of IND. CODE § 31–1–11.5–20 which establishes the continuing jurisdiction of the trial court that entered a custody order. *Scott v. Kell,* (1956) 127 Ind.App. 472, 134 N.E.2d 828. Having filed their action in the LaGrange Circuit Court, the grandparents have failed to comply with the statute.

As was stated earlier lack of jurisdiction over a particular case renders a court's judgment voidable. In such instances the court's judgment must be challenged by a timely objection in order to preserve that error. In this case Chapman preserved this issue at every stage of the proceedings and the grandparents' allegation that Chapman waived this issue is unsupported by the record.

Chapman timely filed a motion to dismiss pursuant to Ind.Rules of Procedure, Trial Rule 12(B) on the ground the trial court lacked jurisdiction and was an improper venue. The trial court erred in failing to transfer the grandparents' petition as required in this situation by Ind.Rules of Procedure, Trial Rule 75(B). The La-

Grange Circuit Court lacks jurisdiction of this particular case and therefore its judgment in the matter is voidable. In an attempt to salvage their cause of action, the grandparents allege that Chapman waived the issue of the LaGrange Circuit Court's jurisdiction or in the alternative is estopped from denying the court's jurisdiction.

■ The grandparents' estoppel argument is equally unfounded. The theory of estoppel involves the equitable concept that once a party seeks the affirmative protection or benefit of a court's jurisdiction he should not be allowed to challenge that court's jurisdiction at some later point in the dispute. *In re Marriage of Hudson*, (1982) Ind.App., 434 N.E.2d 107; *Kelley v. Kelley*, (1979) 180 Ind.App. 19, 387 N.E.2d 452. The grandparents argue that Chapman sought affirmative relief before the LaGrange Circuit Court by asking that his motion to dismiss be continued while the Wabash Circuit Court proceedings were progressing. Further benefit of the circuit court's jurisdiction was enjoyed by Chapman when he agreed to the stipulation, accepted by the LaGrange Circuit Court, providing the grandparents' visitation rights during the dispute. The record does not support these contentions.

First, the record indicates the *parties*, not merely Chapman, asked the LaGrange Circuit Court to continue Chapman's motion to dismiss while the Wabash Circuit Court proceeding was pending. Further, in the agreement accepted by the LaGrange Circuit Court, both the grandparents and Chapman stipulated that Chapman was not conceding the jurisdiction issue by entering into the agreement. As parties are bound by their stipulations, the grandparents may not now rely upon this agreement as a ground for their estoppel argument. The stipulation because it includes the provision specifically noting the jurisdiction issue is not conceded also serves to preserve this error raised by Chapman. Therefore, Chapman has not waived, the issue of, nor is he estopped from, denying the jurisdiction of the LaGrange Circuit Court.

■ Next, Chapman argues the action before the LaGrange Circuit Court amounted to an impermissible collateral attack upon the judgment of the Wabash Circuit Court. A collateral attack has been defined as a judicial proceeding pursued to avoid, defeat, evade or deny the validity and effect of a valid judgment or decree. *Aramovich v. Doles*, (1964) 244 Ind. 658, 195 N.E.2d 481. Generally, the judgment of a court of general jurisdiciton is presumed valid until set aside and is not subject to collateral attack unless procured as a result of fraud. *Gill v. Wilke*, (1970) 253 Ind. 576, 255 N.E.2d 662; *Irons v. Irons*, (1961) 242 Ind. 504, 180 N.E.2d 105.

The grandparents' assertions to the contrary aside, the LaGrange Circuit Court action was an impermissible collateral attack upon the judgment of the Wabash Circuit Court. The temporary restraining order preventing Chapman from removing the children from the state was an impermissible infringement upon an area within the jurisdiction of the Wabash Circuit Court, i.e., that court's continuing jurisdiction over the custody of the Chapmans' children. The entire proceedings to obtain visitation rights, filed in the wrong forum as they were, constituted an attempt to evade and avoid the jurisdiction of the proper court, the Wabash Circuit Court.

The grandparents now lament the Wabash Circuit Court's order contains no provisions for their visitation rights. This is understandable since they failed to present a petition to that court content to pursue procedural stratagems before the La-Grange Circuit Court rather than prmote their rights before the proper forum. The LaGrange Circuit court erred in failing to rule upon Chapman's motion to dismiss. This error was compounded by the entering of the contempt finding and sentencing on that finding. However, as the LaGrange Circuit Court's judgment was voidable on all these matters because of its lack of jurisdiction over this particular case, it is unnecessary to discuss whether the order amounted to an abuse of discretion. For

the reasons stated above the decision of the LaGrange Circuit Court is reversed.

Reversed.

STATON, P.J., and GARRARD, J., concur.