Antwaan L. Randle EL, Appellant–Petitioner,

v.

Tashia L. BEARD, Appellee–Respondent.

No. 53A05–0212–JV–608.

Court of Appeals of Indiana.

Sept. 10, 2003.

Patrick E. Chavis, III, Natalie N. Chavis, Chavis & Chavis, Karl L. Mulvaney, Denise W. Chavis, Nana Quay–Smith, Bingham McHale LLP, Indianapolis, IN, Attorneys for Appellant.

Holly M. Harvey, Bunger & Robertson, Bloomington, IN, Attorney for Appellee.

## OPINION

MAY, Judge.

Antwaan Randle El ("Father") and Tashia L. Beard ("Mother") appeal the trial court's judgment on Father's petition to establish paternity of C.L.R.E. ("C.") and determine support. Mother raises the dispositive question on cross-appeal: whether the trial court had personal jurisdiction over Mother to determine child support under the Uniform Interstate Family Support Act ("UIFSA"). Finding the trial court did not have jurisdiction, we need not address Father's issues on appeal.[1]

Reversed.

---

**1.** Father raised two issues: 1) whether the trial court erred by ordering Father to place $100,000 in a "529 Account" within ninety days; and 2) whether the trial court erred by ordering Father to set up a trust for C. and place $150,000 in the trust within ninety days. A "529 Account" is a "qualified tuition pro-
gram (also known as a 529 plan or program)." IRS Publication 970, Tax Benefits for Education, Section 6. Qualified Tuition Program (QTP), *http://www.irs.gov/form-spubs/page/0,,id=104280,00.html* (last visited Aug. 13, 2003). Such programs are "set up to allow you to either prepay, or contribute to

## FACTS AND PROCEDURAL HISTORY

Mother and Father dated but did not marry. In July or August of 2000, Mother became pregnant. C. was born on May 10, 2001 in Hazel Crest, Illinois. Father filed a paternity affidavit in Illinois. Although there was no court order, Father provided child support for C. On a number of occasions, Mother refused to allow Father to see C.

On March 5, 2002, Father filed in Monroe Circuit Court a petition to establish paternity, child support and parenting time of C. The court set a hearing for April 22, 2002. On April 15, Mother filed a motion to continue that hearing. On April 19, Father objected to Mother's request for a continuance, and Mother filed a motion to dismiss for lack of jurisdiction. On April 22, the court held the hearing, after which it denied Mother's request for a continuance, ruled that it had jurisdiction over paternity and child support issues, ruled that it did not have jurisdiction over custody and visitation issues, established paternity in Father, entered a temporary child support order, and set a review hearing for September 3, 2002.[2]

At the September hearing, which continued on October 1, 2002, Father testified about his professional football contract and other marketing and endorsement contracts. On September 4, the court ordered Father to pay $300 per week in temporary child support. At the beginning of the hearing on October 1, Mother again requested relief because the Indiana court lacked jurisdiction to rule on the child support issue. On October 10, the trial court denied Mother's motion for relief. Both parties filed proposed findings and conclusions, and the court entered an order that provided in pertinent part:

1. *Signing Bonus:*

Father is ordered to open a 529 Account for [C.] in the minimum amount of One-Hundred Thousand Dollars ($100,-000.00) within ninety days and provide the Court appropriate documentation;

Father is to put in trust on [C.]'s behalf an amount no less than One-Hundred Fifty Thousand Dollars ($150,-000) within ninety days and provide the Court appropriate documentation.

The Trust is to be constructed in a way that requires Mother and Father to both sign on any withdrawal for any reason and if the parents don't agree, they are to utilize mediation before seeking a court determination.

(Father's App. at 44.)

## DISCUSSION AND DECISION

 "The existence of personal jurisdiction over a defendant is a constitutional requirement to rendering a valid judgment." *Anthem Ins. Co. v. Tenet Healthcare,* 730 N.E.2d 1227, 1237 (Ind.2000). Personal jurisdiction either exists or it does not, and its existence is a question of law we review *de novo. Id.* Accordingly, we owe no deference to the trial court's determination that it had jurisdiction over Mother under the UIFSA. *Id.* Where, as here, the trial court decided the jurisdictional facts based upon a paper record, we are in "as good a position as the trial court to determine the existence of the jurisdic-

---

an account established for paying, a student's qualified higher education expenses at an eligible educational institution." *Id.*

**2.** When the trial court dismissed Father's visitation petition, he filed a petition for visitation in an Illinois court, and that court entered an agreed order regarding visitation during the 2002–2003 football season. (App. of Appellant (hereinafter "Father's App.") at 31.)

tional facts," and we review the trial court's factual findings *de novo.*[3] *Id.* at 1238 n. 12.

A challenge to personal jurisdiction may be raised either as an affirmative defense in the answer to the complaint or in a motion to dismiss. In either case, once the party contesting jurisdiction, usually the defendant, challenges the lack of personal jurisdiction, the plaintiff must present evidence to show that there is personal jurisdiction over the defendant. However, the defendant bears the burden of proving the lack of personal jurisdiction by a preponderance of the evidence, unless the lack of jurisdiction is apparent on the face of the complaint.

*Id.* at 1231 (internal citations omitted).

Indiana has adopted the UIFSA. *See* Ind.Code art. 31–18. That Act provides that an Indiana court may exercise personal jurisdiction over nonresidents under the following circumstances:

In a proceeding to establish, enforce, or modify a support order or to determine paternity, an Indiana tribunal may exercise personal jurisdiction over a nonresident individual or the individual's guardian or conservator if:

(1) the individual is personally served with notice in Indiana;

(2) the individual submits to the jurisdiction of Indiana by:

(A) consent;

(B) entering an appearance, except for the purpose of contesting jurisdiction; or

(C) filing a responsive document having the effect of waiving contest to personal jurisdiction;

(3) the individual resided in Indiana with the child;

(4) the individual resided in Indiana and has provided prenatal expenses or support for the child;

(5) the child resides in Indiana as a result of the acts or directive of the individual;

(6) the individual engaged in sexual intercourse in Indiana and the child:

(A) has been conceived by the act of intercourse; or

(B) may have been conceived by the act of intercourse if the proceeding is to establish paternity;

(7) the individual asserted paternity of the child in the putative father registry administered by the state department of health under IC 31–19–5; or

(8) there is any other basis consistent with the Constitution of the State of Indiana and the Constitution of the United States for the exercise of personal jurisdiction.

Ind.Code § 31–18–2–1. Mother claims the trial court did not have jurisdiction over her under that statute. Father argues the trial court had jurisdiction under either subsection (2) or subsection (6)(B). We examine each of those bases.

■ Subsection (2) provides that a nonresident's actions may be construed as consent to Indiana's personal jurisdiction over her. Father claims Mother consented to the Monroe Circuit Court's jurisdiction over her by "ask[ing] the trial court for relief in the form of child support, a trust fund, an educational fund, and payment of her attorney's fees." (Appellant's Reply and Cross–Appellee's Br. at 24.) As Father notes, a party submits to the jurisdiction of a court when the party requests

---

**3.** If the trial court had performed its "classic fact-finding function ... evaluating the character and truthfulness of witnesses," we would review its jurisdictional findings for clear error. *Anthem Ins. Co.,* 730 N.E.2d at 1238.

affirmative relief from that court. *See, e.g., Sims v. Beamer,* 757 N.E.2d 1021, 1026 (Ind.Ct.App.2001) ("A party who seeks affirmative relief from a court voluntarily submits himself to the jurisdiction of the court, and is thereafter estopped from challenging the court's personal jurisdiction.").

▇ Nevertheless, we disagree with Father regarding whether Mother requested affirmative relief in this case. Mother filed a motion for costs and attorney's fees, and she filed proposed findings of fact and conclusions of law in which she asked the court to rule in her favor on the support issues. A party who questions the trial court's jurisdiction over her person is still permitted to defend against the action brought against her; she is not required to sit idly by at trial, allowing the other party to prevail while hoping she will win the jurisdictional issue on appeal. *State v. Omega Painting, Inc.,* 463 N.E.2d 287, 292 n. 5 (Ind.Ct.App.1984) ("A contrary conclusion could well invite rash or hasty pleading, or the risky acceptance of a default judgment in the hope that it could later be set aside for lack of personal jurisdiction. This is clearly not the type of practice our rules of procedure envisioned."), *opinion on reh'g* 464 N.E.2d 940 (Ind.Ct.App.1984) (correcting factual misstatement in original opinion), *trans. denied.* The motions filed by Mother did not constitute consent to the trial court's jurisdiction over her person.[4] *See id.* at 290–292 (holding the State had not requested affirmative relief from the court by appearing in the action, requesting an extension of time in which to file an answer, or requesting a change of venue).

Subsection (6) provides the Monroe Circuit Court could exercise personal jurisdiction over Mother in a paternity or support action if Mother "engaged in sexual intercourse in Indiana and the child: (A) has been conceived by the act of intercourse; or (B) may have been conceived by the act of intercourse if the proceeding is to establish paternity." Ind.Code § 31–18–2–1. Father argues the trial court did not err in exercising jurisdiction over Mother for the support proceedings because the disputed facts indicate C. "may have been conceived" by an act of intercourse in Indiana. (Appellant's Reply and Cross–Appellee's Br. at 26–28.)

However, even if C. may have been conceived in Indiana, that finding would not give the trial court jurisdiction over Mother for Father's support petition. (*Cf. id.* at 28 ("The statute does **not** require a finding that the child was actually conceived in Indiana ....") (emphasis in original).) Contrary to Father's argument, subsection 6(B) provides that a finding that a child *may have been* conceived by an act of intercourse in Indiana is sufficient to give the trial court jurisdiction over a nonresident *"if the proceeding is to establish paternity."* Such a finding does not, according to the plain language of the subsection (6), give rise to jurisdiction over Mother's person for a support proceeding. Consequently, the trial court could not have properly exercised jurisdiction over Mother for Father's support action based upon a finding that C. *may have been* conceived in Indiana.

▇ The question then becomes whether the trial court properly could exercise jurisdiction over Mother under sub-

---

**4.** Father claims Mother's motions were akin to the actions of a party who waived his personal jurisdiction argument in *Kelley v. Kelley,* 180 Ind.App. 19, 22, 387 N.E.2d 452, 454 (1979). However, in *Kelley,* the husband and the wife submitted an "agreed entry" for the trial court's approval. *Id.* We decline Father's invitation to hold that proposed findings and conclusions are the equivalent of an agreed entry.

section 6(A), which requires C. to have been conceived by an act of intercourse that occurred in Indiana. The trial court's order denying Mother's motion to dismiss for lack of jurisdiction does not include any findings of fact regarding where C. was conceived or why the trial court has jurisdiction over Mother for support issues under the UIFSA. (*See* Father's App. at 13.) Nor did the trial court indicate at the hearing on April 22, 2002, during which the trial court orally denied Mother's motion to dismiss Father's petition to establish support, why it had personal jurisdiction over Mother under the UIFSA. (*See* Tr. at 3–9.) Nevertheless, we presume the trial court knew the law and complied with it. *Barber v. Echo Lake Mobile Home Com.*, 759 N.E.2d 253, 255 (Ind.Ct.App. 2001). Therefore, we review *de novo* the evidence that was before the trial court to determine whether C. was conceived in Indiana.

With her motion to dismiss, Mother filed a verified affidavit that asserted, in pertinent part:

6. [C.] was conceived in the state of Illinois on or about August 14, 2000.

7. My due date for delivering [C.] was May 7, 2001, and [C.] was born on May 10, 2001.

(Appellee's App. at 6.)

During the portion of the initial hearing at which the court and parties discussed Mother's motion to dismiss, Father's attorney argued:

you've got a gentleman here that, if you'd like, you could take testimony from. Ms. Beard is represented by her attorney, and she's also filed an affidavit with the Court, so there's two means for Ms. Beard to be represented. She chose not to be here today. I don't think that my client could some how—that-that should be a negative affect [sic] on my client. We're ready and we're

prepared to prove that this child was certainly conceived in Bloomington, Indiana, around about July 23rd, which is pursuant to the UI[F]SA....

(Tr. at 7.) However, arguments by attorneys are not evidence that the trial court may consider when making a factual determination, *Fulk v. Allied Signal, Inc.*, 755 N.E.2d 1198, 1203 n. 4 (Ind.Ct.App.2001), and Father did not, in fact, provide any testimony at that hearing regarding the location of C.'s conception.

Father's verified petition to establish paternity, support and visitation asserts: "[C.] was conceived on or about July 2000 at ... Bloomington, Indiana, Monroe County." (Appellant's App. at 10.) Our supreme court has instructed both that "once the party ... challenges the lack of personal jurisdiction, the plaintiff must present evidence to show that there is personal jurisdiction over the defendant," *Anthem Ins. Co.*, 730 N.E.2d at 1231, and that assertions in a verified petition are not evidence unless that petition has been admitted into evidence. *State v. Sanders*, 596 N.E.2d 225, 227 (Ind.1992) ("[A] plaintiff cannot 'maintain his position by pleading under oath and then resting on that pleading.' ... [N]either ... the trial court [n]or the appellate court [may] rely on [a] petition as evidence of the facts alleged therein."), *cert. denied sub nom. Sanders v. Indiana*, 507 U.S. 960, 113 S.Ct. 1385, 122 L.Ed.2d 760 (1993). Consequently, we may not consider Father's verified petition.

Due to these procedural missteps, the only evidence we have before us regarding the location of C.'s conception is Mother's affidavit, which indicates C. was conceived in Illinois. Therefore, the trial court did not have personal jurisdiction over Mother for a support determination under subsection 6(A) of Ind.Code § 31–18–2–1.

Because the trial court could not obtain personal jurisdiction over Mother under either subsection (2) or subsection (6) of Ind.Code § 31–18–2–1, the trial court did not have jurisdiction over Mother and could not determine the support issue. Accordingly, we reverse and instruct the trial court to dismiss Father's petition to establish support.

Reversed.

BARNES, J., and DARDEN, J., concur.